## CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* MILLER.

[No. 6,030. Filed May 28, 1907.]

1. PLEADING.—*Complaint.—Railroads.—Killing Stock.—Negativing Statutory Exceptions.*—In an action against a railroad company for the killing of stock, it is not necessary to allege in the complaint that the defendant was required to fence the right of way at the point where such stock entered, the fact that the road could not properly be fenced at such point constituting a defense. p. 166.

2. SAME.—*Complaint.—Railroads.—Killing Stock.—Place of Killing.—Evidence.*—A complaint against a railroad company for kill-

ing stock must allege the county in which the killing occurred; and such fact must be proved. p. 167.

3. EVIDENCE.—*Judicial Notice.*—*Location of Places.*—Courts take judicial notice that Hardentown and Lawrenceburg Junction are in Dearborn county, and that Miller's Crossing, which is one-half mile west of Lawrenceburg Junction, is also in such county. p. 167.

4. RAILROADS.—*Killing Stock.*—*Liability.*—Railroads are liable for stock killed, where such stock strayed upon the track at a point where the track was not fenced. p. 167.

5. TRIAL.—*Evidence.*—*Railroads.*—*Operation of Trains.*—Where the evidence fairly shows that defendant's special train killed the stock sued for, a verdict against defendant cannot be set aside on the ground that the evidence failed to show that defendant operated the train that did the killing. p. 168.

From Dearborn Circuit Court; *George E. Downey*, Judge.

Action by Job Miller against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*L. J. Hackney, G. M. Roberts* and *T. S. Cravens*, for appellant.

*Warren N. Hauck* and *McMullen & McMullens*, for appellee.

COMSTOCK, C. J.—Appellee had judgment against appellant under §5313 Burns 1901, §4026 R. S. 1881, for killing his mule which had entered upon the defendant's track where it was not fenced. The first and second specifications of error challenge the sufficiency of the complaint; the third, the action of the court in overruling appellant's motion for a new trial.

The objection made to the complaint is that it does not appear that the point at which the mule entered upon appellant's right of way did not come within the exceptions made by the statute requiring railroads to fence their lines. Such averment is not required under §5313, *supra.* The burden of showing that the road could not be properly fenced was upon the defendant. *Lake Erie, etc., R. Co.* v. *Rooker* (1895), 13 Ind. App. 600, and cases cited.

In support of the motion for a new trial, it is claimed that the appellee was not entitled to recover, because he had abandoned his animal. There is no evidence of abandonment. It is insisted that the evidence does not show that the mule was killed in Dearborn county. This fact must be averred and proved. *Croy v. Louisville, etc., R. Co.* (1884), 97 Ind. 126, and cases cited.

We think the evidence shows that the place where the mule entered upon appellant's track, and where it was killed, was in Dearborn county, Indiana. It appears that the mule entered upon appellant's right of way at Miller's crossing, and that Miller's crossing was in Dearborn county, Indiana, one-half of a mile west of Lawrenceburg junction, and that Hardentown was just beyond said junction. The court takes judicial notice that Hardentown is in Dearborn county and that Lawrenceburg junction is in Dearborn county. *Indianapolis, etc., R. Co.* v. *Stephens* (1867), 28 Ind. 429; *Indianapolis, etc., R. Co.* v. *Case* (1860), 15 Ind. 42; *Louisville, etc., R. Co.* v. *Hixon* (1885), 100 Ind. 335. Taking notice of the geographical lines of Dearborn county, we find that a point a mile or more west of Hardentown or of Lawrenceburg junction would still be in Dearborn county.

It is further insisted that it appears from the evidence that the failure of appellant to fence its right of way was not the proximate cause of the injury received, and, it not having been such, the appellee is not entitled to recover for said injury, notwithstanding the failure of appellant to fence its right of way. The action being based upon the statute, when the mule went upon the track at a point where the track was not fenced, and was struck and killed, the appellant became liable. The evidence clearly shows that the mule went upon the track at a point where the railroad was not fenced and was killed.

It is insisted that there is an entire failure of evidence to prove that the appellant owned and operated the train

168    APPELLATE COURT OF INDIANA,

Grand Trunk, etc., R. Co. v. Railroad Com., etc.—40 Ind. App. 168.

charged with the killing. The record does not support this claim. It fairly appears from the evidence that the Cleveland, Cincinnati, Chicago & St. Louis Railway Company operated the line of road, and that an engine, drawing one of its trains, called the "White City Special," struck and killed the mule at the point named in the complaint. Appellant company was variously designated by the witnesses as the "Big Four," and the "Cleveland, Cincinnati, Chicago & St. Louis Division," but it was identified beyond question, as charged in the complaint. We find no error.

Judgment affirmed.