SMITH *v.* STATE OF INDIANA, EX REL. CAMBLIN ET AL.

[No. 11,153.    Filed October 13, 1921.    Rehearing denied January 27, 1922.]

1. FENCES.—*Partition Fences.—Construction.—Ditch Marking Dividing Line.—Statutes.—*Under §7379 Burns' Supp. 1918, Acts 1915 p. 638, providing that, where a ditch or creek marks the dividing line of different landowners so that a partition fence cannot be constructed on the dividing line, "such partition fences shall be built and maintained under the provisions of this act as near to such boundary line as may be, and each landowner shall be required on his own land to build a separate partition fence, and to maintain the same at his own cost," *held* to require each landowner to construct not a separate partition fence along the entire length of the dividing line, but to require each to construct and maintain at his own expense on his own land a fence for one-half the distance, which, when connected by a floodgate in pursuance to the provisions of such section, will constitute a continuous partition fence. p. 450.

2. STATUTES.—*Construction.—Effect.*—The court, in construing a statute, will not permit the evil results which will occur if the statute is given a certain construction to have a controlling influence; the effect of statutes being a subject for legislative consideration. p. 453.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by Minnie D. Smith for a review of a judgment rendered in an action against her by the State of Indiana, on the relation of Forga A. Camblin and another. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*William Darroch,* for appellant.

*Fred G. Richmire* and *T. B. Cunningham,* for appellees.

BATMAN, J.—The relator Camblin is the owner of a certain forty-acre tract of land, and appellant is the owner of another forty-acre tract lying immediately

south thereof. A large dredge ditch separates said tracts, the division line between the same being in the center of said ditch. The said relator, desiring to have a partition fence between said tracts, constructed on his own land one-half of such a fence, but appellant refused to construct her half thereof. Thereupon the relator Timmons, as the trustee of the township in which said land is located, undertook, at the request of said relator Camblin to construct appellant's half of said partition fence on her said land, but she refused to permit him to enter thereon for such purpose. Appellee then instituted an action to enjoin appellant from interfering with the construction of said fence. The complaint in that action was in a single paragraph, to which a demurrer for want of sufficient facts was overruled. Appellant then filed an answer thereto, in which she admits substantially all the averments of the complaint, except as to the duty of the relator Timmons to construct any portion of said partition fence, and as to any right on his part to enter upon her land for such purpose. As against such duty and right, she alleges therein certain facts with reference to the existence and purpose of said dredge ditch, the location of the division line between the tracts of land in question with reference thereto, the character of the land drained thereby, the sluggish flow of the water therein, the nature of the soil comprising the banks thereof, and the effect of constructing a floodgate across the same to connect the opposite ends of said partition fence. A demurrer was filed to this answer for want of facts, which was sustained, and appellant refusing to plead further, judgment was rendered enjoining her from preventing the relator Timmons from constructing a lawful partition fence between said tracts of land. Appellant thereupon filed her complaint in this action in a single paragraph, to review said judgment

on certain grounds specified therein, to which a complete copy of the record of the proceedings and judgment in said original cause was attached as an exhibit. To this complaint appellee filed a demurrer for want of facts which the record states was sustained in part and overruled in part. The court thereupon rendered a judgment, adhering to its former action in overruling the demurrer to the complaint, and in sustaining the demurrer to the answer in the original action, and modifying the final judgment therein, by describing more definitely where the relator Timmons should have a right to construct said partition fence without interference from appellant. From this judgment appellant has appealed.

In 1911, a statute was enacted providing for the construction of partition fences on the lines dividing the lands of adjoining owners, but no provision was 1. made for such fences where it was impractical to construct the same on such lines. §§7377-7382 Burns 1914, Acts 1911 p. 515. In 1915 this statute was amended by making the following additional provision, among others:

"That in all cases where a ditch, creek, forms, covers, or marks the dividing line or any part thereof of the lands of separate and different landowners of this state so that partition fences such as are required and provided for in this act cannot be built and maintained on such dividing line, then and in all such cases such partition fences shall be built and maintained under the provisions of this act as near to such boundary line as may be, and each landowner shall be required on his own land to build a separate partition fence, and to maintain the same at his own cost." (Acts 1915 p. 638, §7379 Burns' Supp. 1918.) Appellee claims that the effect of this provision is to authorize the construction of a partition fence between the lands of the relator Camblin and

appellant by constructing one-half of the same on each side of the ditch, which extends along their dividing line, and that the failure of appellant to construct her one-half thereof makes it the duty of the relator Timmons, as such township trustee, to construct the same. Appellant on the other hand denies that said provision has such effect, and claims that by the express terms thereof, each landowner must construct a separate fence on his own land, as near as practical to said ditch, along the entire distance of their said dividing line, and that the relator Timmons, as such township trustee, has no right to construct such fence on her land because of her failure so to do. A determination of these opposing contentions will be decisive of this appeal. Bearing in mind, that prior to 1915, there was no provision for the construction of fences of any kind under the conditions shown by the facts of this case, let us observe the general character of the provision which the legislature of that year adopted when it undertook to legislate on that subject. It was not content to make no provision in that regard as theretofore, and did not elect to declare that under such circumstances that no partition fence should be required, but on the contrary apparently undertook to provide for the construction of a partition fence under such circumstances. We are led to say this in view of the fact that the entire section, of which the above quoted provision is a part, as well as the entire act of which said section is a part, pertains to partition fences, and in view of the language used in the provision itself. It will be observed that said provision states, "That in all cases where a ditch * * * covers * * * the dividing line of * * * different landowners * * * so that partition fences, such as are required and provided for in this act cannot be built and maintained on such dividing line, then * * * *such partition fences* shall be built and main-

tained  *  *  *  as near such boundary as may be."
(Our italics.)  It thus appears that the fact that it
is impractical to build a partition fence on a dividing
line because a ditch covers the same, does not prevent
the adjoining landowners from having a partition fence,
but *such partition fence* shall be built as near thereto as
practical.  It will be observed that said provision fur-
ther states: "And each landowner shall be required
on his own land to build a separate *partition fence,* and
to maintain the same at his own cost."  (Our italics.)
It thus appears that the separate fence to be built by
each landowner along the bank of such ditch is to be a
*partition fence.*  That is, it is to be a fence which shall
serve each of such adjoining landowners as a means of
confining his own stock, and protecting him against
trespass from stock on adjoining land.  A fence which
would not serve such purpose would not be a partition
fence.  If we should give the clause last quoted the
meaning for which appellant contends, then such fences
so constructed by each landowner would not be partition
fences in the sense that term is used in the statute, but
would be independent private fences constructed by each
landowner on his own land for his sole benefit, and not
in part for the benefit of the adjoining landowner.  We,
therefore, hold that the separate partition fence, men-
tioned in the last clause quoted above, which each party
is to construct and maintain at his own cost on his own
land, means only a fence for one-half the distance,
which, when connected in pursuance of other provisions
of the Act of 1915, *supra,* will constitute a continuous
partition fence between the lands of the adjoining own-
ers, and that the proper township trustee is authorized
to construct the same, after the required steps have been
taken, where either party fails to do so.

It will be observed that nothing is said in appellee's
complaint in the original action, or in the judgment of

the trial court as originally entered, or as subsequently modified, with reference to constructing a floodgate to connect the end of the fence of the relator Camblin, which it is alleged has already been constructed on his own land, with the end of the fence which the relator Timmons is seeking to construct on appellant's land. It is obvious that such fences when constructed will be ineffective as a partition fence without some barrier across the ditch in question. Appellant contends that there is no authority for the construction of such a barrier, but this contention cannot be sustained. The Act of 1915, *supra,* from which we have made the above quotation, makes ample provisions in that regard, and expressly provides for the construction of the same by township trustees under certain circumstances. A floodgate in the proposed partition fence will only become necessary when the separate fences on each side of the ditch have been constructed. If, on the completion of such separate fences, the relator Camblin and appellant shall fail to agree as to the character of a floodgate to connect the same, or as to the proportionate share of the cost thereof to be borne by each, recourse can be had to the provisions of the act applicable to such condition.

Appellant has set up in her affirmative answer to the complaint in the original action, and urges in her brief certain evil results which will occur if the Act of 1915, *supra,* is so construed as to permit or compel the erection of floodgates across ditches under the circumstances shown by the facts of this case. However, we cannot permit such results to have a controlling influence in our construction of the statute in question. If such results occur, and it is believed that their evil effects outweigh the benefits arising from the construction of such floodgates, it will be a proper subject for the consideration of the legislature, as we are

bound by its determination in that regard. We find no reversible error in the record. Judgment affirmed.

Dausman, J., dissents.