## MURRAY v. STATE OF INDIANA.

[No. 24,895.   Filed December 14, 1926.]

1.  CRIMINAL LAW.—*Withdrawal of plea of not guilty will be presumed where subsequent motion to quash has been received and acted on.*—Where a defendant pleaded not guilty to the charge against him but afterward filed a motion to quash the indictment, which the court entertained, he will be deemed to have withdrawn his plea for the purpose of making such motion although the record does not show any action of that kind. p. 542.

2.  INTOXICATING LIQUORS.—*Section 15 of prohibition law of 1917 was connected with subject of act and not unconstitutional.*— Section 15 of the prohibition law of 1917 (Acts 1917 p. 15, §8356o Burns' Supp. 1921), making it unlawful to receive intoxicating liquor from a carrier of such liquor, was connected with the subject of the act and, therefore, was not unconstitutional as not being within the title of the act (Art. 4, §19 of the Constitution). p. 542.

From Jay Circuit Court; *Roscoe D. Wheat,* Judge.

Roy Murray was convicted of unlawfully receiving intoxicating liquor from a carrier, and he appeals. *Affirmed.*

*George T. Whitaker, John T. Walterhouse* and *Thomas V. Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Arnet B. Cronk* and *Carl J. Wilde,* for the State.

GEMMILL, C. J.—This is an appeal from a judgment rendered upon a verdict of guilty predicated upon a count of an indictment which charged that appellant, on September 5, 1924, at Jay county, unlawfully received intoxicating liquor from a carrier within the State of Indiana.   Said criminal offense was defined in §15, ch. 4, Acts 1917.

It is contended by appellant that the court erred in overruling his motion to quash said count of the indict-

ment. The state insists that the appellant
1. waived his right to move to quash, as the record
shows that this motion was filed on December
19, 1924, and that, prior thereto, he had been arraigned
and pleaded not guilty to the indictment, and the record
does not show that leave had been granted him to with-
draw his plea of guilty. When the record shows that
the court entertained the motion to quash and that it
was overruled, the appellant will be, treated as having
withdrawn his plea for the purpose of such motion.
*Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674.

Appellant claims that said count of the indictment
did not state facts sufficient to constitute a public of-
fense for the reason that §15, ch. 4, Acts 1917,
2. was in violation of Art. 4, §19 of the state Con-
stitution, which requires that every act shall em-
brace but one subject and matters properly connected
therewith, which subject shall be expressed in the title.
The title of said act is as follows: "An Act prohibiting
the manufacture, sale, gift, advertisement or transpor-
tation of intoxicating liquor except for certain purposes
and under certain conditions."

In *Trainer* v. *State* (1926), *ante* 502, 154 N. E. 273,
this court decided the question raised by appellant, and
held that receiving intoxicating liquor from a carrier,
being in aid of transportation of same, was a matter
properly connected with the subject of the act, and that
the title of the act covered the provisions of said section.
Upon the authority of that case, it is held that the court
did not err in overruling the motion to quash the second
count of the indictment.

Judgment affirmed.