CITY OF HOBART ET AL. *v.* STATE OF INDIANA,
EX REL. ROPER ET AL.

[No. 24,691.   Filed December 16, 1926.]

1. MUNICIPAL CORPORATIONS.—*City does not have arbitrary power to refuse to disannex territory when proper petition filed and notice given as required by statute.*—Under the provisions of the act of 1907 concerning the disannexation of lands from cities and towns (Acts 1907 p. 617, §§7-12, §§11218-11223 Burns 1926), a city does not have discretionary power to disannex territory or not as it chooses, but the common council must take some action on a petition for disannexation filed with it where proper notice has been given in conformity to the statute, and a complaint seeking to mandate the council to take such action which shows the jurisdictional facts and that the statute has been complied with is sufficient.   p. 577.

2. MUNICIPAL CORPORATIONS.—*Act of 1907 concerning disannexation of territory from cities controls in case of conflict with*

*Municipal Code of 1905.*—In so far as the act of 1907 concerning the disannexation of territory from cities (Acts 1907 p. 617, §§7-10, §§11218-11223 Burns 1926) is inconsistent with the Municipal Code of 1905, it is controlling, and the provisions authorizing an appeal from the common council to the circuit court are valid.   p. 577.

3.   EVIDENCE.—*Courts have judicial knowledge that city of Hobart is municipal corporation.*—The courts have judicial knowledge that the city of Hobart is a municipal corporation and hence it is unnecessary to prove that fact.   p. 578.

4.   TRIAL.—*Character in which defendants were sued was admitted by failure to raise the question by verified plea and need not be proved.*—In an action to mandate the mayor and other officers of a city, where the character in which they were sued had not been denied under oath (§389 Burns 1926), that fact was admitted and no proof thereof was necessary.   p. 578.

5.   MANDAMUS.—*In action of mandate against city officials to compel action on petition for disannexation of territory, allegations of petition need not be proved.*—In an action of mandate to compel city officials to take action on a petition for disannexation of certain lands from a city, proof of allegations of petition to the effect that the lands sought to be disannexed were within the city, that one boundary thereof was coincident with the corporation line, that no prior proceeding to disannex said land had been brought within two years and that petitioners were the owners of the land, was unnecessary, as such matters are to be determined on the hearing on the petition.   p. 579.

6.   MUNICIPAL CORPORATIONS.—*Finding by city council that petitioners for disannexation of territory were not entitled to relief asked would not justify refusal to take any action thereon.*—The fact that the common council of a city would find that petitioners for disannexation of land from the city were not entitled to the relief asked would not justify the refusal of the council to act on the petition at all, where the proceeding was under §11209 Burns 1926.   p. 579.

7.   MANDAMUS.—*Mandamus will lie to compel decision of inferior tribunal so that appeal may be taken therefrom.*—Where an inferior tribunal, from whose decision an appeal would lie refuses to make any decision at all, mandamus will lie to compel final action, though not to direct whether the decision shall be for or against those asking that action be taken.   p. 579.

8.   MANDAMUS.—*Petitioners for disannexation of their lands from city may mandate council to act on petition after refusal to take any action for several months.*—Where landowners had filed a petition for the disannexation of their land from a city,

and given the required notice thereof as required by the act of 1907 (Acts 1907 p. 617, §§11218-11223 Burns 1926) and, for several months the common council had refused to take any action thereon, the petitioners were entitled to prosecute an action of mandate to compel the councilmen to act upon the petition. p. 580.

From Lake Superior Court; *Harvey J. Carter*, Special Judge.

Action of mandate on the relation of one Roper and others against the city of Hobart, its mayor and members of the common council to compel the council to take action on a petition for disannexation of lands from the city. *Affirmed.*

*E. E. Pierson*, for appellants.
*Roscoe R. Pedicord*, for appellees.

EWBANK, J.—This was an action of mandamus against the appellant city of Hobart and its mayor and members of the common council to compel action upon a petition by appellee's relators for the disannexation from the city of certain lands which they claim to own. Overruling the demurrer to the complaint and overruling the motion for a new trial are assigned as errors. The complaint alleged, in substance, that the defendant city of Hobart is a municipal corporation, that the defendant Henderson is mayor, and each of the other defendants is a councilman of said city. That the plaintiffs are the owners of certain described real estate within the city, one boundary or more of which is the corporation line, and that they filed in the office of the clerk of the city of Hobart a petition praying to have such real estate disannexed from the city, setting out with the petition and as part of it a plat of the land sought to be disannexed. That they caused a notice of the filing of the petition to be published for ten days by two successive weekly publications in a news-

paper of general circulation published in said city, which notice set forth the substance of the matter and things in issue, and designated the property affected by the proceeding, and which was addressed to the city of Hobart and the citizens thereof, and stated the time when, the place where, and by whom, the things in issue should be heard and determined, and in all respects conformed to the statutes. That proof of such publication was filed with the clerk and thereafter presented to the city council and the mayor at the regular meetings of the council on two days each month for a period of four months, when the plaintiffs "have been present in person or by attorney and requested that said council act upon said petition, and that it has failed and refused to take any action upon said petition or to determine the same in any way, and is still refusing to take action upon said petition or to determine the same." That no remonstrance was filed and that this proceeding was not brought within two years after the termination of a prior proceeding affecting the same property.

The reason given by appellants' counsel for insisting that the complaint failed to state facts sufficient to constitute a cause of action is that "cities have discretionary power to disannex territory or not, as they choose," in support of which contention, counsel cite §§8899, 8920 Burns 1914, §§11203, 11224 Burns 1926, enacted in 1905 and 1907, respectively. §245, Acts 1905 p. 219, 290, §13, Acts 1907 p. 617, 622. But the act of 1907, which is the later of the two referred to, also provides that the owners of any contiguous lands or lots within the corporate limits of any city or town, constituting not less than one entire block, if platted, and not less than one acre, if not platted, one boundary or more of which is the corporate line of the city or town, may file a petition with the board of trus-

tees or common council praying for such disannexation, setting forth with said petition and as part thereof a plat of the lands so sought to be disannexed, notice of which and of the hearing thereon shall be by publication for ten days by two successive weekly publications in some newspaper of general circulation published in the city affected. That "such order may be made by the board or council hearing the same as shall be just and equitable in the premises," and that "an appeal will lie from the decision of any board to the circuit court of the county where any of the lots or lands affected lie, whereupon said matters shall be tried *de novo*, with like proceedings as in other civil actions." §§11218, 11220, 11221 Burns 1926, §§7, 9, 10, Acts 1907 p. 617, 620. In so far as this act of 1907 was inconsistent with the act of 1905, it is controlling, and the provisions authorizing an appeal from the common council of the city or board of trustees of the town in such matters have been upheld by this court. *Livengood* v. *City of Covington* (1924), 194 Ind. 633, 643, 144 N. E. 416; *Meek* v. *State, ex rel.* (1909), 172 Ind. 654, 659, 662, 88 N. E. 299, 89 N. E. 307. The complaint was not insufficient in the particulars suggested by counsel.

In support of the contention that the finding is not sustained by sufficient evidence, counsel point to the fact that there was no evidence tending to prove that 3, 4. the city of Hobart was a municipal corporation, or that its codefendants were the mayor and members of the common council, or that appellees owned or had any interest in the lands sought to be disannexed, or that those lands were within the city limits of Hobart, or that this proceeding was not brought within two years after the termination of a prior proceeding affecting the same property in which the same relief was asked. But the court had judicial knowledge that the city of Hobart is a municipal corporation, and what is

judicially known need not be proved. *Hammann* v. *Mink* (1885), 99 Ind. 279, 281; *State* v. *Downs* (1897), 148 Ind. 324, 328, 47 N. E. 670; *Cleveland, etc., R. Co.* v. *Miller* (1907), 40 Ind. App. 165, 167, 81 N. E. 517; *Taggart* v. *Keebler* (1926), *post* 633, 154 N. E. 485. The character in which the individual defendants were sued, as mayor and councilmen, respectively, of the city of Hobart, not having been denied under oath, was admitted on the face of the record and required no proof at the trial. §389 Burns 1926, §365 R. S. 1881; *Baltimore, etc., R. Co.* v. *Berdon, Admr.* (1924), 195 Ind. 265, 271, 143 N. E. 267; *Wright* v. *Walker* (1926), 197 Ind. 561, 151 N. E. 424.

The fact that a demand was made by plaintiffs upon the defendant to act on their petition for disannexation was sufficiently proved by the testimony of the city clerk that the city council met on September 5, 1923, and on the first and third Wednesdays of every month since that time, and that attorneys for the petitioners, and also the different petitioners themselves, had attended these meetings and requested them to act on the petition.

It was not necessary in the action for mandamus to prove or offer to prove the allegations of the petition for disannexation to the effect that the lands 5-7. sought to be disannexed were within the city and adjoined a boundary line and were owned by the petitioners, or that no prior proceeding to disannex those lands had been brought within two years before this petition was filed. Those matters have relation to the merits of the action, and not to the question whether or not petitioners are entitled to a final decision by the city authorities of the questions they seek to present. If the mayor and councilmen shall decide that petitioners are not entitled to have these lands disannexed, whether because the lands are outside the city, or be-

cause petitioners do not own them, or because they do not adjoin the boundary of the city, or because another proceeding for the same relief has been brought within two years, or for any other reason, then it will be the duty of the defendants to make a final decision to that effect and deny the petition, from which action the petitioners, if dissatisfied, may take an appeal. But the mere fact, if it be a fact, that the mayor and common council have failed or may fail to find the petitioners entitled to the relief asked, is no cause for their refusal to act on the petition at all, either by way of granting or refusing to grant it. When an inferior tribunal from whose decision an appeal would lie refuses to make any decision at all or take any action whatever, mandamus will lie to compel final action, though not to direct whether the decision shall be for or against the petitioner. *State, ex rel.,* v. *Board, etc.* (1892), 131 Ind. 90, 93; *Board, etc.,* v. *State, ex rel.* (1913), 179 Ind. 644, 648, 102 N. E. 97.

Upon the showing that petitioners had filed a proper petition, duly praying for the disannexation of their alleged lands, and that, for a number of months, defendants, the mayor and councilmen, had refused to take any action thereon, whatever, the trial court properly rendered judgment commanding that the mayor and common council should entertain and pass upon and determine the merits of the petition, and enter judgment either disannexing or refusing to disannex the property of the petitioners.

The judgment is affirmed.