POYSER *v.* STANGLAND, TRUSTEE, ET AL.

[No. 28,904. Filed June 13, 1952.]

686

*Porter D. Crowell,* of Kendallville, and *Barker & Rumbaugh,* of Albion, for appellant.

*Fraze & Spangler,* of Albion, and *Louis G. Ketcham,* of Kendallville, for appellees.

GILKISON, J.—Appellant brought her action in the trial court to enjoin the appellees from proceeding with the collection of an assessment of $42.35 and a penalty of $4.24, a total sum of $46.59, levied against her land as the cost of constructing her part of a partition fence in Noble County. The fence had been built by the township agreeable with the partition fence law, §§30-201 to 30-212 inclusive, Burns' 1949 Replacement.

Appellant contends that the assessment is unlawful, and that the portion of the fence constructed by the township trustee was not her part of the line fence.

Appellees take the position that the assessment is lawful.

A temporary injunction was granted, but upon the final trial of the cause, the court rendered a judgment dissolving the temporary injunction, denying a permanent injunction and for costs against appellant.

The undisputed evidence in the case is substantially as follows:

Appellant is the owner of a rectangular tract of farm land of even width, containing 156+ acres, the west part of which is in the east part of the northeast quarter of section nine, township thirty-three north, range nine east. Clyde Walker owns the farm lands lying immediately west of appellant's land in said quarter section. Several years ago (the exact time is not shown by the evidence) an improved public highway was constructed extending from the south in a general northeasterly direction over the Walker farm, crossing the line between appellant's farm and the Walker farm

about twenty nine and one fourth (29¼) rods south of the north line of the section, and thence continuing northeasterly over appellant's farm land to the north line of the section, leaving about three acres of appellant's land northwest of the improved road.

The controversy here is about the construction of that portion of the line fence between the Walker and Poyser farms extending from the north line of the highway mentioned to the north line of the section. Appellant contends that the public highway crossing the line between the two farms breaks the continuity of the line and destroys the possibility of constructing a contiguous line fence. That the highway divides the line fence into two sections to-wit: that north of the road and that south of the road and that each landowner should build one half of each of said sections. That agreeable with the law, (§30-202) appellant should build the north half of each section and Clyde Walker should build the south half of each.

The applicable part of the partition fence statute to this situation is as follows:

"... (b) Except as hereinafter otherwise provided, or in case no division of said partition fence has been made between the landowners for the building or repairing or rebuilding of such partition fence, then in such case the landowner, whose land lies to the east of said fence, shall build the north half thereof and the landowner whose land lies to the west of said fence, shall build the south half thereof ...." §30-202, Burns' 1949 Replacement.

There is no question in this case concerning any contract between the landowners with respect to the building of the fence. Each relies upon the statute above noted and each claims his right under this statute. There is no question presented concerning any ditch or creek over which the line may extend.

Whether or not the location of the highway across the line between the Poyser and Walker farms, broke the continuity of the line, under the statute providing for the building, repairing and maintaining of partition fences, (§§30-201 to 30-212 inclusive) so as to constitute two separate line fences between the farms is a question of law and not of fact. Appellant has cited us no law, and upon careful examination of the statute and decided cases we have found none to justify her position. The statute does provide for the construction of "floodgates or other similar structures" across "ditches and creeks" crossing the partition line, and the equalizing between adjoining landowners of the additional expense occasioned by the maintenance of the part over such streams. *Smith* v. *State ex rel.* (1921), 77 Ind. App. 448, 132 N. E. 319. But there is nothing in the law to take care of any additional expense in maintaining such fence caused by the construction of a public highway across the line. *Smith* v. *State ex rel.* (1921), 77 Ind. App. 448, 453, 132 N. E. 319, *supra*. We cannot under the guise of construction, put something into a statute that the legislature apparently designedly omitted. The general rule has been stated, thus:

"The general rule is that nothing may be read into a statute which is not within the manifest intention of the legislature as gathered from the act itself, and that a statute should not be construed any more broadly or given any greater effect than its terms require. Where the language of the statute is clear in limiting its application to a particular class of cases and leaves no room for doubt as to the intention of the legislature, there is no authority to transcend or add to the statute which may not be enlarged, stretched, or expanded, or extended to cognate or related cases not falling within its provisions." 50 Am. Jur. Statutes, §229, pp. 214, 215, 216. See also 59

C. J. Statutes, §569, pp. 953 to 958. *Bettenbrock* v. *Miller* (1916), 185 Ind. 600, 606, 112 N. E. 771.

We recognize that it is a rule of judicial construction that in all statutory proceedings, more or less ex parte in their character, as is the partition fence law involved, a strict compliance with the substantial provisions of the statute is necessary to the validity of the proceedings. *Nafe* v. *Leiter* (1885), 103 Ind. 138, 141, 2 N. E. 317.

The landowner, Walker, and the appellees have complied with the provisions of the statute as it is written and the proceedings taken are valid.

Finding no error in the record, the judgment is affirmed.

NOTE.—Reported in 106 N. E. 2d 390.