SCHWARTZKOPF ET AL. *v.* STATE EX REL. FETTIG ET AL.

[No. 30,562. Filed February 15, 1965.]

*Gallivan & Hamilton, Dwight F. Gallivan, A. Walter Hamilton* and *Ned R. Carnall,* of Bluffton, for appellants.

*White, Haymond, Pierce, Beasley & Gilkison* and *Frank E. Gilkison, Jr.,* of Muncie, and *Harker, Kiley & Osborn,* of Marion, for appellee.

MYERS, J.—This is an action to mandate the appellant, Board of School Trustees of Montpelier Community School Corporation, to adopt a resolution either approving or disapproving petitions filed with appellants by appellees under Chapter 226 of the Acts of 1949, as amended by Chapter 261 of the Acts of 1959 (§28-2442, Burns' Ind. Stat., 1948 Replacement [Supp.]) These are the provisions of our law providing for the union of two or more school districts into a metropolitan school district.

The trial court ruled for the appellees and the appellants appealed, assigning as error the overruling of their motion for new trial. The grounds given for the motion for new trial were that the decision was not sustained by sufficient evidence, that it was contrary to law, and that there was error in the admission of certain evidence.

The pertinent facts are these: §28-2442, Burns' Ind. Stat., 1948 Replacement (Supp.), *supra*, provides for consolidation of school districts by a voluntary adoption of a resolution by the school corporation or by a petition in the following manner:

> "(b) In lieu of the adoption of a resolution in one [1] or more of such school corporations to be consolidated, a number of registered voters therein equal to five per cent [5%] of the number of votes cast for secretary of state therein at the last preceding general election, may sign and file with the governing body of such school corporation a petition requesting such consolidation. Within thirty [30] days thereafter the governing body of such school corporation shall adopt a resolution either disapproving such petition or approving such petition and providing for the consolidation. In the event such resolution disapproves such petition, a referendum election shall be held as provided in subsection (c). Any such approving resolution shall have the same effect as a resolution adopted by the governing body under subparagraph (a) above."

Pursuant to this statute, the appellees filed a petition with appellants requesting consolidation of Montpelier Community School Corporation with that of the Hartford City Community School Corporation. The appellees' petition consisted of six counterparts and in all contained 213 signatures. All of these parts were filed with the appellants on July 16, 1962. Each of the counterparts contained the representation that each signer thereof was a registered voter in appellants'

district, and each counterpart carried with it the affidavit of the bearer that all persons signing it signed in the presence of the bearer. The appellants took no action on the petition after its filing, neither approving nor disapproving it within the required time, and the appellees took the matter to court.

At the trial, the Clerk of Blackford County testified that he had examined the petitions and made a determination of how many signers were registered voters at the preceding general election in 1960. His certificate, appellees' Exhibit No. 8 which was admitted into evidence, showed that 203 of the signers were registered voters on July 16, 1962, and that 2,405 votes were cast for Secretary of State in the Montpelier Community School Corporation at the last preceding election, so that the number of registered voters equaled more than eight per cent.

Appellants' first specific assignment of error pertains to the admission into evidence of appellees' Exhibit No. 7, which is a certified copy of a resolution of the Hartford City Community School Corporation approving the consolidation between it and the appellant school corporation. Appellants objected to the exhibit on the sole ground that it was not relevant.

After carefully examining appellants' assertion of error at this point, we feel that it is insufficient to warrant a reversal. We note that in their brief, at page 50, appellants admit that the matter is "non-determinant and inconsequential." Also, nowhere in their brief do appellants claim that any harm resulted to them from the admission of this exhibit. Consequently, the error, if any, here is harmless because of which the court will not reverse a judgment. West's Ind. Law Ency., Vol. 2, Appeals, Ch. 18, §601, Page 552.

Under specification of error No. 2, appellants argue

that the court erred in admitting into evidence appellees' Exhibit No. 8. Appellees' Exhibit No. 8 is the sealed certificate of the Clerk of the Blackford Circuit Court, stating that on July 16, 1962 (the date on which the petition in question was filed with appellants), the persons named in Exhibit A (a list of 203 names, all of which were signers of the petition) and attached to Exhibit No. 8 were registered voters in the Montpelier Community School Corporation, and that a total of 2405 votes were cast in that school corporation for the office of Secretary of State at the last preceding general election.

At the trial appellants objected to the introduction of this document on the ground that it was irrelevant since, in their opinion, this type of certificate or some other type of evidence should have been presented to appellants at the time of the filing of the petition.

In view of all the circumstances, we feel that the admission of this particular exhibit is relevant and material because it provides proof that the petitioners did meet the statutory requirement of being registered voters in appellants' school corporation and in sufficient numbers to meet the five per cent requirement. Whether such a certificate or some other similar type of proof should have been attached to the petition at the time it was filed will be dealt with in the discussion in regard to appellants' specification of error No. 3.

Under specification of error No. 3, appellants claim that appellees' petition did not comply with §28-2442 (b), Burns' Ind. Stat., 1948 Replacement (Supp.), *supra.* They argue that since the statute requires the signatures of registered voters equaling five per cent of the number of votes cast for Secretary of State in said corporation in the preceding general election, therefore appellees' petition should have been accompanied

by some kind of proof that the signers were registered voters and in the necessary number.

After a careful examination of the pertinent statutes and decisions, we find that the appellants' argument cannot be sustained. There are two reasons for such a conclusion. First, the statute under which this matter originated (§28-2442, Burns' Ind. Stat., 1948 Replacement [Supp.]), *supra,* does not require that the petition carry with it supporting evidence showing that the petition meets the statutory requirements. If the Legislature had intended to impose such a requirement, then it certainly would have included such in the wording of the statute. What, in effect, the appellants are asking us to do is read into the statute a requirement which simply is not there. This we cannot do because it has been held on a number of occasions that the court will not add something to a statute when the Legislature has purposely omitted it. *Poyser* v. *Stangland* (1952), 230 Ind. 685, 106 N. E. 2d 390.

The second reason why appellants' argument under specification of error No. 3 is untenable is that it is generally held in this state that an official body, such as appellants, has the power and authority to determine facts prerequisite to its own jurisdiction. *Goddard et al.* v. *Stockman, Treasurer et al.* (1881), 74 Ind. 400; *Jay* v. *O'Donnell* (1912), 178 Ind. 282, 98 N. E. 349. Also, such an official body has the duty to determine whether it has jurisdiction over a certain matter. *City of Hobart* v. *State ex rel.* (1926), 198 Ind. 574, 580, 154 N. E. 384. In this case plaintiffs brought an action in mandamus against city officials to force them to act on a petition for disannexation upon which the officials had failed to act. The defendants argued that no evidence had been presented to prove the facts of the petition, such as whether the

plaintiffs owned any lands to be annexed or if the lands were within the city limits. In response to this the court pointed out that these were questions on which defendants had to pass upon in deciding whether to approve or disapprove the petition. Thus, since there was no requirement upon the appellees to file proof of the qualifications of the signers of the petition, and since the duty of determining the validity and sufficiency of the petition was on the appellants, the petition was properly before the appellants.

In view of the above and the wording of the statute in question, it is clear that the appellants must either approve or disapprove the petition since the statute is written in terms of *shall* (" . . . shall adopt a resolution either disapproving such petition . . . "), which has been held to be a clear expression of a mandatory duty. *State ex rel.* v. *Meeker* (1914), 182 Ind. 240, 243, 105 N. E. 906. Consequently, the court below decided the matter correctly, and the judgment should be affirmed.

Judgment affirmed.

Arterburn, C. J., and Achor and Landis, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 204 N. E. 2d 342.