FRANKLIN COUNTY ELECTION BOARD ET AL. *v.*
STATE OF INDIANA ET AL.

[No. 31,045. Filed October 30, 1967.]

*Cecil C. Tague, Sr.,* Brookville, *Donald E. Bowen, Bowen, Myers, Northam & Givan,* of Indianapolis, for appellants.

*David P. Barrett,* of Brookville, and *William M. Evans,* of Indianapolis, for appellees.

LEWIS, J.—This is an appeal from a judgment rendered in the Franklin Circuit Court upon a complaint for writ of mandate to compel the appellants to cause a referendum election to be held concerning the proposed metropolitan school district at a special election.

The Trial Court made a finding and judgment mandating the appellants to cause a referendum election to be held under the provisions of subsection (b) and (c) of Section 12 of Chapter 226 of the 1949 Acts of the Indiana General Assembly, as amended. Burns' Indiana Statutes, Anno., § 28-2442, (1948 Repl.), [1967 Cum. Pocket Supp.].

On June 10, 1964, the Metropolitan Board of Education of the Metropolitan School District of Brookville, Indiana, passed a consolidation resolution under Burns', § 28-2442, supra, and by the terms of said resolution, said Metropolitan School District of Brookville, Indiana, indicated it was desirous to consolidate with the Springfield School Township of Franklin County and the Metamora School Township of Franklin County.

On September 4, 1964, a petition was filed with the trustee of the Metamora School Township seeking consolidation, which petition was signed by registered voters of the Metamora School Township, such number of registered voters being in excess of five (5%) per cent of the number of votes cast for Secretary of State in the preceding general election. On September 9, 1964, the members of the Advisory Board of such school township adopted a resolution, which, in substance, disapproved the petition so filed.

A similar petition was filed by the requisite number of voters under the statute with the proper officials of Springfield School Township of Franklin County. This petition was disapproved by such officials.

The pertinent parts of Burns', § 28-2442, supra, are:

"In any county . . . any two or more school corporations, . . . may consolidate into one metropolitan school district. Such consolidation shall be initiated by following the procedures set out in either subsection (a) or subsection (b) of this section.

'(b) In lieu of the adoption of a resolution in one or more of such school corporations to be consolidated, a number of registered voters therein equal to five per cent of the number of votes cast for secretary of state therein at the last preceding general election, may sign and file with the governing body of such school corporation a petition requesting such consolidation. Within thirty days thereafter the governing body of such school corporation shall adopt a resolution either disapproving such petition or approving such petition. . . . In the event such resolution disapproves such petition, a referendum election shall be held as provided. . . ."

The Trial Court mandated the appellants to hold a referendum election pursuant to Burns', § 28-2442, supra, in order that the voters have an opportunity to determine whether they desire further school consolidation in Franklin County pursuant to the resolutions heretofore described.

The sole assignment of error here is the overruling by the Trial Court of appellants' motion for a new trial. The motion for a new trial alleged, in substance, that the decision was not sustained by sufficient evidence, rendering it contrary to law.

The appellants have not raised any question concerning the admissibility of certain documents which were admitted into evidence at the trial level, but appellants rely on the proposition that the evidence admitted is not sufficient to sustain the Trial Court's decision.

Appellees offered proof of the compliance by appellees with the statutory requirements of Burns', § 28-2442, supra, by offering and introducing into evidence the following:

(1) A certified statement of the Clerk of the Circuit Court of Franklin County in which he attested that he ex-

amined the petitions filed with the trustees of the respective school townships and that there were valid signatures on these petitions of registered voters of the respective districts involved, comprising more than five (5%) per cent in number of the votes cast in the last general election for Secretary of State; and that each counterpart of the petitions was properly verified by a registered voter of such township.

(2) A chart was introduced from the Clerk's office giving a breakdown by petition counterparts of the submitted petitioners' signatures.

(3) A resolution of the Brookville School Corporation relating to its resolution in favor of the reorganization of the school corporation.

(4) A resolution certified by the township trustee of Metamora School District of Franklin County disapproving the petition for the consolidation.

(5) A resolution by the trustee of Springfield School Township of Franklin County disapproving the resolution for consolidation.

In the resolution of the Metamora township trustee, the following language appears:

"WHEREAS, the following facts are true:

'1. On Sept. 4, 1964, there was filed with Steve Fox, Trustee of Metamora School Township of Franklin County, a petition in twenty counterparts, purportedly signed by 85 registered voters of such School Township, requesting the consolidation of such School Township with Springfield School Township of Franklin County and the Metropolitan School District of Brookville, Indiana, in accordance with Indiana Acts 1949, Chapter 226, as amended (hereinafter referred to as the "Metropolitan Act")'."

Similar language was used in the introduced resolution executed by the trustee of Springfield School Township.

We conclude that the foregoing, and language thereto, which appeared in such resolutions was sufficient evidence before the Trial Court from which it could conclude that a petition seeking consolidation had been filed in each of the separate townships.

The appellants, as well as the appellees, cite *Schwartzkopf v. State* (1965), 246 Ind. 201, 204 N. E. 2d 342, in which we find the following set of facts:

The plaintiffs were attemping to compel the respective Township Advisory Boards to either approve or disapprove plaintiffs' petition for consolidation. The defendants sought to justify their refusal to act by stating there was insufficient proof of compliance with the statute and they were, therefore, not compelled to act. The defendants contended that it was necessary for the petitioners to file proof of the signers (voters) of the petitions. The Trial Court, in compelling the Advisory Board to utter either approval or disapproval, stated:

"... the statute under which this matter originated (§ 28-2442, Burns' Ind. Stat., 1948 Replacement [Supp.]), supra, does not require that the petition carry with it supporting evidence showing that the petition meets the statutory requirements. If the Legislature had intended to impose such a requirement, then it certainly would have included such in the wording of the statute. ..."

*Schwartzkopf, supra,* further held that the filing of a certificate by the Clerk of the Blackford Circuit Court attesting to his examination, which indicated a proper number of valid signatures affixed to the petition, was sufficient evidence of compliance with the statute. It is obvious to us that the appellees, in guiding the destiny of this lawsuit in the Trial Court, followed the doctrines laid down in *Schwartzkopf,* supra, with respect to the adequacy of the proof of the validity of the petition and signing voters. We hold that the appellees sufficiently sustained their burden under the doctrine laid down in *Schwartzkopf, supra.*

Appellants have urged that official public bodies such as the Trustee and Advisory Boards of the respective school townships here involved have the authority to determine facts prerequisite to exercising their own jurisdiction.

The appellants cite *Goddard et al.* v. *Stockman, Treasurer, et al.* (1881), 74 Ind. 400, and *Jay* v. *O'Donnell* (1912), 178 Ind. 282, 98 N. E. 349, and as a corollary to this argument, appellants cite *City of Hobart* v. *State ex rel. Roper* (1926), 198 Ind. 574, 154 N. E. 384.

Each of the above cases concerned administrative bodies whose duties encompassed discretionary rulings for which a review might be sought on appeal. The rulings laid down in each of the above-cited cases are entirely correct when confined to their proper context. However, in the case at bar, the statute states, without equivocation, that upon proper petition and a resolution of disapproval the County Election Board SHALL cause a referendum election. (Emphasis supplied)

The argument advanced by appellants, if applied, would permit the election board to usurp Legislative and Judicial prerogatives in allowing the election board to determine what is adequate statutory compliance.

The evidence presented at the trial level was sufficient to warrant the Trial Court's finding and judgment, and it is affirmed.

Hunter, C. J., Arterburn, Jackson and Mote, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 527.