INDIANA DEPARTMENT OF STATE REVENUE, Appellant,

v.

HORIZON BANCORP and First Citizens Bank, N.A., Appellee.

No. 49S10–9404–TA–392.

Supreme Court of Indiana.

Dec. 29, 1994.

Pamela Carter, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellant.

Paul F. Lindemann, Jeffery S. Dorman, Garry R. Stamm, Krieg DeVault Alexander & Capehart, Indianapolis, for appellee.

PER CURIAM.

We granted the petition for review, filed by the Indiana Department of State Revenue (Department), of the decision of the Indiana Tax Court reported in *Horizon Bancorp v. Dep't of State Revenue* (1993), Ind.Tax, 626

N.E.2d 603. We affirm in part and reverse in part.[1]

*Background*

The taxpayer in this case is Horizon Bancorp (Horizon), a bank holding company, including First Citizens Bank, N.A. (Citizens), its wholly owned subsidiary. Horizon and Citizens filed consolidated income tax returns.

On April 9, 1991, taxpayer filed a claim for refund of $968,283 (exclusive of interest) with the department covering the fifteen tax years beginning January 1, 1975 and ending December 31, 1989. The parties stipulated that taxpayer had incurred gross income tax liabilities for those years in stipulated annual amounts totaling $3,181,944, except for (i) credit for bank tax paid in those years in stipulated annual amounts totaling $3,819,-573, and (ii) credit for Enterprise Zone·Loan Interest in tax years 1984 through 1989 in stipulated annual amounts totaling $330,654.

On May 23, 1991, the department, after aggregating the amount of gross income tax paid in the final three years covered by the claim (1987, 1988, and 1989), deducted the aggregate amount of bank tax paid to Enterprise Zone Loan Interest in those years, and issued a refund of $503,887 (exclusive of interest totaling $58,965). The balance of the refund claim was denied. Taxpayer timely brought this action to seek the remainder of the refund claimed.

On cross motions for summary judgment, the Tax Court first concluded that, because Indiana Code § 6–2.1–4.5–1 provides that any excess bank tax credits must be carried back three years and forward three years, the three year statute of limitations to claim a refund does not begin to run until after the six year period including the three year carry-over period expires. *Horizon Bancorp,* 626 N.E.2d at 606–09. As such, the court held that the department should have gone back six years, rather than three years, in calculating the refund. Second, the Tax

1. This case involves the corporate gross income tax liability of certain financial institutions. A new regime for taxing financial institutions, the Indiana financial institutions tax, applies to taxable years beginning after December 31, 1989.

1989 Ind.Acts P.L. 347–1989, now codified at Ind.Code § 6–5.5–9–4 (1993). The financial institutions tax was not in effect during any of the periods at issue in this case.

Court rejected taxpayer's argument as to the proper order in which to apply credits in calculating the amount of refund. Taxpayer had argued that prior years' carryover bank tax credits should be applied against current gross income tax liability before the current year's credits but the Tax Court held that Indiana Code § 6–2.1–4.5–1 requires that current year bank tax credits be applied against current year gross income tax liability before applying prior year credits. *Id.* at 609–10. The effect of this ruling was to disallow the taxpayer's claim for refunds from the years 1975 through 1983. The department timely petitioned this court for review of the statute of limitations issue. Ind.Appellate Rule 18. In response, taxpayer seeks review of the order of application of credits issue.[2]

## I.

 A national bank[3] conducting business in Indiana was, prior to January 1, 1990,[4] subject to both gross income tax[5] and bank tax.[6] However, the bank was entitled to a credit against its gross income tax liability in the amount of the bank tax which its has paid. Ind.Code § 6–2.1–4.5–1(a). If the credit for a particular year exceeded the amount of gross income tax for which the bank was liable in that year, the statute provides that the bank "may claim the excess:"

> (1) [F]irst, against that tax that it paid under this article in any one (1) or more of the three (3) taxable years that immediately precede the particular taxable year; and
>
> (2) [S]econd, if additional excess credit remains, against the tax for which it is liable under this article in any one (1) or more of the three (3) taxable years that immediately succeed the particular taxable year.

*Id.* Subsection (b) of the statute provides:

> (b) Notwithstanding anything in this article or in IC 6–5–10 to the contrary, the department shall pay to the taxpayer any refund to which the taxpayer is entitled that is attributable to a credit claimed under subsection (a).

Ind.Code § 6–2.1–4.5–1(b).

The Tax Court held that these provisions *require* that excess gross income tax credits first be carried back three years (if applicable) and then be carried forward three years before the taxpayer can file a refund claim for excess bank tax paid. *Horizon Bancorp,* 626 N.E.2d at 609. The court reasoned that Indiana Code § 6–2.1–4.5–1 creates bank tax credits that exist only as offsets against gross income tax liability. Therefore, the refund of any of those credits is possible only after they have been fully used as offsets and carried backward or forward. *Id.* at 607. On the other hand, the department argues that Indiana Code § 6–2.1–4.5–1(b) allowed Horizon to claim a refund at any time.

 The construction of a statute is only necessary where the statute is ambiguous. *State v. Jacobs* (1924), 194 Ind. 327, 331, 142 N.E. 715, 716. Nothing may be read into a statute which is not within the manifest intention of the legislature as gathered from the statute itself. *Poyser v. Stangland* (1952), 230 Ind. 685, 689, 106 N.E.2d 390, 391. An unambiguous statute must be held to mean what it plainly expresses, and its plain and obvious meaning may not be enlarged or restricted. *Poyser,* 230 Ind. at 689, 106 N.E.2d at 391; *Cheney v. State* (1905), 165 Ind. 121, 125, 74 N.E. 892, 893. Because a statute that is clear and unambiguous on its face needs no further interpretation beyond the plain and ordinary meaning of the words contained therein, the statute must be applied and enforced as written. *See Morgan County R.E.M.C. v. Indianapolis Power & Light Co.* (1973), 261 Ind. 323, 327, 302

---

**2.** The Tax Court also held that Enterprise Zone Loan Interest credits must be applied to state gross income tax liability for a particular year before the bank tax credits are applied. *Horizon Bancorp,* 626 N.E.2d at 611–12. Neither party seeks review of this issue.

**3.** As noted above, Citizens was a national banking association.

**4.** *See supra* note 1.

**5.** Ind.Code § 6–2.1–2–2 (1993).

**6.** Ind.Code § 6–5–10–3 (1993).

N.E.2d 776, 778. *See also Indiana Dep't of State Revenue v. Endress & Hauser, Inc.* (1980), Ind.App., 404 N.E.2d 1173, 1175.

With the foregoing principles in mind, we agree with the department's reading of Indiana Code § 6–2.1–4.5–1. Subsection (a) provides that a national bank "may" carry any excess credit for a particular taxable year forward or backward three years. Subsection (b) states that a bank "shall" be given a refund to which it is entitled "notwithstanding anything in this article or in IC 6–5–10 to the contrary." These words must be understood in their plain, usual and ordinary sense. Ind.Code § 1–1–4–1. Nothing in this statute requires a wait before a refund claim for excess bank tax paid may be filed with the department.

The Tax Court's determination that the taxpayer was subject to a mandatory six year waiting period before it could apply for a refund under Indiana Code § 6–2.1–4.5–1 led that court to conclude that the three year statute of limitations for claiming tax refunds in Indiana[7] does not begin to run until the six year period expires. The applicable statute provides in part:

> (a) If a person has paid more tax than he determines is legally due for a particular taxable period, he may file a claim for refund with the department. In order to obtain the refund, the person must file the claim with the department within three (3) years after the latter of the following:
>> (1) the due date of the return;
>> (2) the date of payment.

Ind.Code Ann. § 6–8.1–9–1(a). While we certainly agree with the Tax Court that the applicable statute of limitation does not begin to run until the legal right to bring a claim arises, *Horizon Bancorp,* 626 N.E.2d at 609, we find that taxpayer here could have filed a refund claim for excess bank tax paid at any time, subject to the limitation imposed by Indiana Code § 6–8.1–9–1. The time limit imposed by Indiana Code § 6–8.1–9–1 is clear. Taxpayer had three years from the

due date for filing its income tax return for a taxable year to file a refund for excess bank tax paid in that taxable year. Accordingly, the department correctly allowed taxpayer's 1991 claim for refund for excess bank tax paid in 1987,[8] 1988 and 1989 and correctly disallowed the claim for prior years.

## II.

■ Taxpayer claims that the department should have applied taxpayer's credits for bank taxes paid in prior years against taxpayer's current year gross income tax liability before applying taxpayer's credits for bank taxes paid in the current year. As the Tax Court points out, using taxpayer's proposed method, taxpayer would have had sufficient carryforward credits in the fifteen years at issue never to use current credits. The net effect of this would have been to obliterate the three-year carryforward limitation of the statute. *Horizon Bancorp,* 626 N.E.2d at 610 n. 8. We believe Indiana Code § 6–2.1–4.5–1 makes it clear that current year credits offset current year liability and that any excess credits are carried back three years if needed and then forward three years if needed. *Horizon Bancorp,* 626 N.E.2d at 609. We agree with the Tax Court that the department properly accounted for the credits by applying current credits against current liabilities first.[9]

### Conclusion

In sum, if bank tax credits for a particular taxable year exceed bank gross income tax liability, they may, at the option of the taxpayer, be carried over to the preceding and succeeding three years. A taxpayer may claim a refund for excess bank tax paid before the carry-over period of Indiana Code § 6–2.1–4.5–1 expires. Under Indiana Code § 6–8.1–9–1, a taxpayer has three years from the due date for filing its gross income tax return for a particular year to file a refund for excess bank tax paid that year. Indiana Code § 6–2.1–4.5–1 requires current year bank tax credits to be applied against cur-

---

7. Ind.Code Ann. § 6–8.1–9–1.

8. The return for 1987 was due April 15, 1988, and the date for filing a claim for refund was calculated from that date by the department.

9. Taxpayer also argues that Indiana Code § 6–3.1–1–2(a)(2) and (b) requires that prior year credits be utilized first. However, these subsections apply only to *non-refundable* credits.

rent year bank gross income tax liability, and if current year credits are less than gross income tax liability, credits from prior or successive years may be used.

For the foregoing reasons, we granted the department's petition for review and affirm the Tax Court's judgment in part and reverse in part.

GIVAN, J., dissents without separate opinion.