**GEORGE P. TODD FUNERAL HOME, INC., Appellant–Claimant,**

v.

**The ESTATE OF Thelma L. BECKNER, Appellee–Estate.**

No. 70A05–9509–CV–00377.

Court of Appeals of Indiana.

April 9, 1996.

Robert C. Hagemier, Hagemier Allen & Smith, Indianapolis, for Appellant.

**OPINION**

SHARPNACK, Chief Judge.

George P. Todd Funeral Home, Inc. ("Todd") appeals the trial court's judgment favoring the defendant-appellee, the estate of Thelma L. Beckner ("estate"). Todd is seeking payment of funeral expenses rendered to Thelma Beckner ("decedent"). Todd raises two issues for review which we restate as:

1) whether the trial court erred in denying Todd the interest earned on the decedent's funeral trust; and

2) whether the trial court erred in denying Todd the value of its funeral costs.

We affirm.

The facts most favorable to the judgment follow.[1] On November 14, 1989, the decedent established a funeral trust in accordance with Ind.Code § 30–2–10 *et seq.*, which named Todd as the beneficiary. The decedent deposited a trust corpus in the amount of $6,948.00 into First Federal Savings and Loan Association, the trustee. The funds remained with the trustee until the decedent's death on January 1, 1995. At that time, the trustee issued two checks. The trustee issued the first check in the amount of $6,948.00 to Todd, representing the trust corpus. The trustee issued the second check in the amount of $1,811.13 to the estate, representing the interest earned on the corpus.

After conducting the funeral, Todd requested that the estate deliver the entire balance of the trust to cover funeral expenses, but the estate refused to pay the accrued interest on the trust corpus. On February 28, 1995, Todd filed an action to recover the interest on the corpus in the amount of $1,811.13. Todd claimed that it was entitled to the interest to compensate for increased funeral costs.

On July 24, 1995, the trial court held a hearing. On August 22, 1995, the trial court issued an order finding that the parties were bound to the terms of the funeral trust contract. The court determined that Todd could not recover the increased cost of services and merchandise whose prices were fixed by the contract. However, the court granted Todd the amount of $174.25, representing the cost of items which did not have fixed prices established in the contract. The court held that the balance of the interest earned on the trust corpus was properly refunded to the estate. Todd now appeals this determination.

1. We caution appellant's counsel to read and comply with the requirements of Ind.Appellate Rule 8.3(A)(5), requiring appropriate references to the record. In the statement of facts, counsel

*Standard of Review*

At the outset, we must first consider the estate's failure to submit an appellee's brief. In such a situation, we need not undertake the burden of developing arguments for the estate. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if appellant can establish *prima facie* error. *Fisher v. Bd. of School Trustees*, 514 N.E.2d 626, 628 (Ind.Ct.App.1986). *Prima facie*, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985). Where an appellant is unable to meet such a burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind. Ct.App.1986), *reh'g denied, trans. denied.*

I.

The first issue raised for review is whether the trial court erred in denying Todd the interest earned on the decedent's funeral trust. Todd argues that it is statutorily entitled to the interest on the trust to compensate for increased funeral expenses. We find that Todd provides no basis for such an entitlement.

In support of its contention, Todd cites to I.C. § 30–2–10–5(6), which sets out the requirements for funeral trust contracts. Todd contends that this statute should be construed to require "that all interest earned on the principal originally deposited to the Trust is to inure to [Todd] as beneficiary of the Trust." Appellant's brief, p. 6.

The construction of a statute is only necessary when the statute is ambiguous. *Indiana Dept. of State Rev. v. Horizon Bancorp*, 644 N.E.2d 870, 872 (Ind.1994). Nothing may be read into the statute which is not within the manifest intent of the legislature as gathered from the statute itself. *Id.* An unambiguous statute must be held to mean what it plainly expresses, and its plain and obvious meaning may not be expanded or restricted. *Id.* Since a statute that is clear

makes only a single reference to the record. In future appeals, we strongly urge counsel to comply with the rules adopted by our supreme court.

and unambiguous on its face needs no further interpretation beyond the plain and ordinary meaning of the words contained therein, the statute must be applied and enforced as written. *Id.*

Todd primarily relies upon I.C. § 30–2–10–5(6), which states:

**"Requirements for contract.**—The contract under which funds are accepted under this chapter must be in writing and contain, as a minimum, the following provisions:

\* \* \* \* \* \*

(6) A provision for full payment of the contract amount by the settlor, a description of the manner in which the funds are to be deposited, and a statement that the interest will accrue to the trust account and *a further statement that the principal and interest earned shall inure to the beneficiary* to cover all the costs incident to the beneficiary's performance of the contract, any excess to be refunded to the estate of the settlor or the heirs at law."

I.C. § 30–2–10–5(6) (emphasis added).

Todd argues that the statute should be construed as an entitlement where the beneficiary of a funeral trust receives all the interest earned on the trust corpus. Todd further contends that we should examine the act as a whole to ascertain the legislature's intent. We disagree.

Todd does not dispute that I.C. § 30–2–10–5(6) is unambiguous. Accordingly, we cannot apply the rules of construction, but rather must give the statute its plain and obvious meaning. *See Horizon Bancorp,* 644 N.E.2d at 872. Further, we may not stretch the express language of the statute or read anything into the statute outside the manifest intention of legislature. *See id.*

As written, the statute does not provide for an entitlement. Rather, the plain language of I.C. § 30–2–10–5 provides the minimum requirements necessary to form a funeral trust contract. According to subsection six, one of these requirements is that the contract contain a provision authorizing the principal and interest of a funeral trust to inure to the beneficiary. Therefore, the drafting party must place this provision into the contract.

Upon review of the decedent's contract, we find that Todd, the drafting party, failed to include such a provision in the contract. Todd could have drafted a contract which provided that the cost of increased funeral expenses was covered by the interest earned on the trust corpus. However, Todd did not do so and as a result, is not entitled to receive the interest earned on the trust corpus.

On appeal, Todd now asks that we expand the plain meaning of I.C. § 30–2–10–5(6) to entitle a beneficiary of a funeral trust to all the interest earned on the trust corpus. However, we cannot stretch the express language of this statute. *See id.* Instead, we will apply and enforce the statute as it is plainly written. *See id.* Accordingly, Todd has failed to show that it is entitled to the interest earned on the decedent's trust.

## II.

The second issue raised for review is whether the trial court erred in denying Todd the value of its funeral costs. Todd claims that the court abused its discretion in determining that Todd could not recover the full value of increased funeral expenses. We disagree.

■ The trial court has discretion in determining the amount to be allowed against an estate for funeral expenses. *Irwin Union Bank & Trust Co. v. Barkes, Inlow & Weaver Funeral Home, Inc.,* 462 N.E.2d 1057, 1058 (Ind.Ct.App.1984) (quoting *Fort Wayne Nat. Bank v. Scher,* 419 N.E.2d 1308, 1312 (Ind.Ct.App.1981)). Here, the trial court granted Todd the amount of $174.25. Upon review of the trial court's order, we find this amount to be a proper determination.

■ At trial, Todd submitted a itemized billing statement totaling $8,890.85, which represented the then present cost of services and merchandise at the time of the decedent's funeral. The trial court determined that Todd was bound by the prices fixed in the funeral trust contract. Therefore, the court concluded that Todd could not recover

the increased cost of services and merchandise whose prices were fixed by the contract. As previously discussed, Todd was not entitled to the value of increased funeral expenses because it failed to draft a contract allowing for such an entitlement. Accordingly, the trial court did not err in denying Todd these increased costs.

 However, the court did grant Todd the cost of items which were not included in the contract and items whose prices were not fixed by the contract. The court determined that the total value of these items was $174.25. We find that this determination is reasonable because it matches the value of these items as reported in Todd's itemized billing statement. Accordingly, the trial court did not err in determining the value of the funeral expenses.

For the foregoing reasons, we affirm the judgment of the trial court in all respects.

AFFIRMED.

BARTEAU and RUCKER, JJ., concur.