Dora BROWN, Ben Kindle, and
Sonjia Graf, Petitioners,

v.

DEPARTMENT OF LOCAL
GOVERNMENT FINANCE,
Respondent.

No. 49T10–0912–TA–83.

Tax Court of Indiana.

May 24, 2013.

Beth H. Henkel, Kelli A. Arnold, Law Office of Beth Henkel LLC, Indianapolis, IN, Attorneys for Petitioners.

Gregory F. Zoeller, Attorney General of Indiana, Jessica E. Reagan, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

WENTWORTH, J.

Dora Brown, Ben Kindle, and Sonjia Graf appeal the final determination of the Department of Local Government Finance (DLGF) approving the Gregg Township

Board's loan resolution for the 2010 tax year. The Petitioners allege that the DLGF's final determination must be reversed because it is contrary to law, not supported by substantial evidence, and in violation of their constitutional rights. The Court affirms the DLGF's final determination in part and remands it in part.

## FACTS AND PROCEDURAL HISTORY

Gregg Township is located in northwest Morgan County, Indiana. The Township encompasses 25 square miles of land and has a population of approximately 3,000. The Township is primarily rural, as there are no incorporated municipalities within its borders. The Township contracts with a private volunteer fire department (the only one in the Township) for the provision of its fire protection services.

On June 2, 2009, the Gregg Township Board issued a resolution, pursuant to Indiana Code § 36-8-13, authorizing the Township to incur a loan for the purchase of a fire engine. Specifically, the loan proceeds, not to exceed $400,000, would be used to replace the Township's current frontline pumper, a 1992 Darley.

The Petitioners subsequently filed an objection petition stating, among other things, that the decision to incur a loan to purchase a new fire engine was unnecessary and unwise because "[t]he fire apparatus [ ] we currently have is sufficient enough to provide the fire services needed in our township." (Cert. Admin. R. at 2.) Moreover, the objection petition asserted that because the new fire engine would also be used by the fire department to serve the fire protection needs of other townships, Gregg Township taxpayers should not bear the entire cost of the loan. The Morgan County Auditor forwarded the Petitioners' objection petition to the DLGF. On August 11, 2009, the DLGF conducted a hearing on the matter.

During the hearing, Fire Chief Larry Hayes testified that because of its advanced age, the 1992 Darley did not comply with current National Fire Protection Association (NFPA) standards designed to keep the firefighters safe while they travel to and from the scene of an emergency, and lacked numerous features that new fire-fighting vehicles have. (See Cert. Admin. R. at 384–437, 566–67.) For instance, the current vehicle lacked roll-stability controls, anti-lock brakes, seat belts, back-up cameras, helmet restraints, and the capability to control the mirrors from inside the vehicle. (Cert. Admin. R. at 384–437, 441–42, 568, 572–73, 578.) Chief Hayes also explained that the current vehicle had only 110 cubic feet of storage area and could not hold all the fire-fighting equipment now required to be on board (i.e., requirements imposed after 1992), and as a result, the fire department often must respond with more than one vehicle. (See Cert. Admin. R. at 443, 580–81 (explaining that new fire-fighting vehicles have approximately 155 cubic feet of storage area).) Furthermore, he testified that because the current vehicle is grossly underpowered, it is difficult to maneuver it on and around the Township's narrow, hilly roads and residential lanes. (See Cert. Admin. R. at 577–78, 580, 583–84, 587–88.) (See also Cert. Admin. R. at 532–33 (where Petitioner Graf acknowledges that the Township's roads and residential driveways are difficult to maneuver).) Finally, Chief Hayes explained that the current vehicle has been in two accidents since its acquisition and that the damage to the vehicle from these accidents has also led to recurring vehicle maintenance problems beyond normal wear and tear. (See Cert. Admin. R. at 381, 562–63, 569–70.) In light of Chief Hayes's testimony, Carol Snyder, the Township's Trustee, explained

that she had a duty as the Trustee to ensure that the Township (and thus the fire department with which it has contracted) has the equipment necessary to respond to an emergency: because the Township is "dealing with old[ ] and antiquated equipment that may or may not get [the fire department] to the scene, it's time for us to start looking into alternatives[.]" (*See* Cert. Admin. R. at 554.)

On November 12, 2009, the DLGF issued a final determination approving the loan in its entirety:

> The Department of Local Government Finance has reviewed [the Gregg Township Board's] approval of a purchase of firefighting apparatus in the amount of $400,000 and the taxpayer objection to this purchase. After a review, the Department of Local Government Finance, pursuant to IC 36–8–13–6.5, and in consideration of all evidence provided, finds as follows:
>
> Approved:
>
> The purchase of firefighting apparatus in the amount of $400,000. The Indiana Tax Court has stated that the "decision as to how to best provide firefighting services within [a] township is one that properly lies with the local fire department and the [Township] Board....[T]he DLGF [is] required to determine whether substantial evidence support[s] that policy decision." *Perry v. Ind. Dep't of Local Gov't Fin.*, 892 N.E.2d 1281, 1286–1287 (Ind. Tax Ct.2008).
>
> Therefore, the DLGF is not in the position to determine the necessity of this purchase, only whether or not the purchase and approval of the Township Board is supported by substantial evidence. The Department received significant testimony and hard copy evidence about the need for a new front-line pumper, including evidence that the current pumper has been involved in accidents and [has had] maintenance problems, that the pumper does not provide adequate safety for the firefighters while traveling to the scene of a fire, and a desire to be compliant with NFPA 1901 Standard for Firefighting Apparatus.

(Cert. Admin. R. at 11.)

The Petitioners subsequently filed this original tax appeal. On October 14, 2011, the Court heard oral arguments. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The Petitioners, in challenging the propriety of the DLGF's final determination, bear the burden of demonstrating its invalidity. *See Scopelite v. Indiana Dep't of Local Gov't Fin.*, 939 N.E.2d 1138, 1145 (Ind. Tax Ct.2010). Thus, the Petitioners must demonstrate to the Court that the DLGF's final determination is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence or in contravention of the law. *See State Bd. of Tax Comm'rs v. Gatling Gun Club, Inc.*, 420 N.E.2d 1324, 1326–29 (Ind.Ct.App. 1981) (discussing the limited nature of the scope of judicial review of administrative agency decisions in general). *See also Scopelite*, 939 N.E.2d at 1147; *DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin.*, 930 N.E.2d 1257, 1260–61 (Ind. Tax Ct.2010); *Clark–Pleasant Cmty. Sch. Corp. v. Dep't of Local Gov't Fin.*, 899 N.E.2d 762, 769 (Ind. Tax Ct.2008) (discussing the Court's scope of judicial review in DLGF cases).

## ANALYSIS AND DECISION

On appeal, the Petitioners argue that the DLGF's final determination must be reversed for three reasons. First, they argue that the final determination is contrary to law. Second, they argue that the

DLGF's final determination is not supported by substantial evidence. Finally, the Petitioners argue that the DLGF's final determination violates certain rights guaranteed to them under Indiana's Constitution.

## I.

■ Indiana Code § 36–6–6–14 authorizes a township to borrow money if it finds there is "a need for fire and emergency services or other emergency requiring the expenditure of money not included in [its] budget estimates and levy." *See* IND.CODE § 36–6–6–14(a),(b) (2009). The Petitioners explain that to determine whether a fire and emergency services need exists, Indiana Code § 36–6–6–14 requires that a township board and any other reviewing authority consider eight factors that the Petitioners refer to as the "needs analysis."[1] (*See* Oral Argument Tr. at 31–32.) On appeal, the Petitioners assert that because the DLGF's final determination cites the Tax Court's *Perry* decision alone, the DLGF must have failed to consider the eight factors set forth in Indiana Code § 36–6–6–14(d), and therefore, the DLGF's final determination is contrary to law. (*See* Oral Argument Tr. at 31–32; Petrs' Br. at 21–26.)

Indiana Code § 36–6–6–14 authorizes a township to borrow money for "non-budgeted" emergency items. *See* I.C. § 36–6–6–14. Here, however, the Gregg Township Board's loan resolution sought to borrow money pursuant to its authority to make a capital purchase under an entirely different statutory scheme, Indiana Code § 36–8–13. (*See* Cert. Admin. R. at 20.) Indeed, Indiana Code § 36–8–13–3 authorizes a township to

[p]urchase firefighting and emergency services apparatus and equipment for the township, provide for the housing, care, maintenance, operation, and use of the apparatus and equipment to provide services within the township ... and employ full-time or part-time personnel to operate the apparatus and equipment to provide services in that area.

IND.CODE § 36–8–13–3(a)(1) (2009). *See also* IND.CODE §§ 36–8–13–5, –6 (2009) (explaining that a township may either make an appropriation from its budget or borrow money from a financial institution to make the purchase). Neither Indiana Code § 36–8–13 nor Indiana Code § 36–6–6–14(d) indicate that they are somehow interdependent. Accordingly, the DLGF was not required to perform the "needs analysis" set forth in Indiana Code § 36–6–6–14(d) before it approved the Gregg Township Board's loan resolution under Indiana Code § 36–8–13. Therefore, the Court is not persuaded by the Petitioners' first claim that the DLGF's final determination is contrary to law.

## II.

■ Next, the Petitioners argue that the DLGF's final determination is not supported by substantial evidence. For example, they assert that in approving the Gregg Township Board's loan resolution, the DLGF improperly afforded Fire Chief Hayes's testimony too much weight because as an employee of the fire department, his interests are aligned with those of the fire department and not with those of the Township. (Oral Argument Tr. at 13–16; Petrs' Br. at 14–19 (claiming that Hayes's testimony merely went to why the fire department wanted a new vehicle, not

---

1. For example, Indiana Code § 36–6–6–14(d) requires consideration of, among other things, the public safety payroll needs of the township, prior and budgeted annual expenditures for fire and emergency services, and the projected growth in a township's assessed value of property requiring protection. IND. CODE § 36–6–6–14(d)(1), (6), (7) (2009).

why the Township needed it).) The Petitioners also explain that the Township's evidence is conclusory, claiming for example that if the current vehicle had in fact been in various accidents, the Township should have presented the DLGF with "pictures evidencing damage[ as well as] invoices for [the vehicle's] repair[.]"[2] (Petrs' Br. at 16 (footnote added).) Accordingly, the Petitioners maintain that the Township's evidence demonstrates nothing more than Fire Chief Larry Hayes's desire to have a new toy. (*See* Cert. Admin. R. at 534, 591.)

The Court will find that the DLGF's final determination is not supported by substantial evidence if it determines that a reasonable person, upon reviewing the administrative record in its entirety, could not find enough relevant evidence to support the Township's loan resolution decision. *See Amax Inc. v. State Bd. of Tax Comm'rs*, 552 N.E.2d 850, 852 (Ind. Tax Ct.1990). In making that determination, the Court cannot reweigh the evidence contained in the administrative record nor can it judge the credibility of the witnesses who testified at the administrative hearing. *See Freudenberg–NOK Gen. P'ship v. State Bd. of Tax Comm'rs*, 715 N.E.2d 1026, 1030 (Ind. Tax Ct.1999) (citations omitted), *review denied.* Here, however, the Petitioners have invited the Court to

do exactly that: they invite the Court to reweigh the evidence, to judge the credibility of the Township's witnesses, or to hold that the Township should have presented some other evidence for the DLGF to consider. (*See, e.g.,* Petrs' Br. at 20 (requesting that the Court give no weight to the Township's evidence).) These invitations are not within the Court's prerogative. *See Freudenberg–NOK Gen. P'ship*, 715 N.E.2d at 1030. Accordingly, the Court is not persuaded that the DLGF's final determination is not supported by the evidence. *See Clark–Pleasant Cmty. Sch. Corp.*, 899 N.E.2d at 765 (citations omitted) (explaining that the Court will give deference to *any* reason the DLGF bases its final determination on as long as that reason is supported by substantial evidence).

### III.

■  Finally, the Petitioners claim that the DLGF's final determination wrongly requires the taxpayers of Gregg Township to bear the entire cost of the loan even though the fire department will use the new vehicle to respond to calls outside Gregg Township. (Petrs' Br. at 27–32.) Thus, allege the Petitioners, the DLGF's final determination violates both Article 1, Section 23 and Article 10, Section 1 of the Indiana Constitution.[3]

2.  For example, during the DLGF hearing, the Petitioners requested that the DLGF reject any and all evidence submitted by the Township that was not on letterhead. (*See* Cert. Admin. R. at 513.).

3.  Article 1, § 23 of the Indiana Constitution provides that "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." IND. CONST. art. 1, § 23. The Petitioners allege that by approving the Township's loan resolution, the DLGF has provided a privilege to those who live outside the Township (*i.e.*, they do not have to pay taxes

for the purchase of a fire truck from which they benefit) that is not equally shared by those who live in the Township (and who must pay for the purchase of the same fire truck in its entirety). (*See* Petrs' Br. at 27–29.).

Article 10, § 1 of the Indiana Constitution requires (1) uniformity and equality in assessment, (2) uniformity and equality as to rate of taxation, and (3) a just valuation for taxation of all property. IND. CONST. art. 10, § 1. The Petitioners allege that this constitutional provision requires that the cost of purchasing the new fire truck be borne, on a pro-rata basis,

While the Petitioners raised this argument at the administrative hearing, the DLGF failed to address it in its final determination. (*Cf.* Cert. Admin. R. at 528–30, 533, 536 *with* Cert. Admin. R. at 11.) In reviewing the administrative record, the Court notes that the parties presented competing evidence with respect to this issue. Accordingly, the Court remands this issue to the DLGF so that it may fulfill its duty to review the evidence, weigh it, and make a determination thereon.[4]

by all who benefit from its use. (*See* Petrs' Br. at 29–32.)

4. The Court reviewed an almost identical issue involving the same parties in a 2010 not-for-publication opinion. *See In re: Emergency Fire Loan for Gregg Twp.*, Cause No.

## CONCLUSION

Based on the foregoing reasons, the DLGF's final determination is AFFIRMED in part and REMANDED in part. On remand, the DLGF is instructed to take action consistent with this opinion.

49T10–0909–TA–52, slip op. at 12–15, 2010 WL 3418234 (Ind. Tax Ct. Aug. 31, 2010). The Court is confident that that opinion will assist the DLGF in reviewing the evidence on remand.