The SPEEDWAY PUBLIC
LIBRARY, Petitioner,

v.

INDIANA DEPARTMENT OF LOCAL
GOVERNMENT FINANCE,
Respondent.

No. 49T10–1103–TA–22.

Tax Court of Indiana.

June 24, 2014.

---

Robert B. Lutz, Attorney at Law, Speedway, IN, Attorney for Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, Jonathan E. Lamb, John P. Lowrey, Deputy Attorneys General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

The Speedway Public Library has asked this Court to overturn the Indiana Department of Local Government Finance's (DLGF) final determination rejecting the appropriations and levies associated with its 2011 budget. Upon review, however, the Court affirms the DLGF's final determination.

### FACTS AND PROCEDURAL HISTORY

In July of 2010, the Library formulated its estimated budget for 2011. (See Cert. Admin. R. at 2–9.) On July 14, 2010, and

then again on July 21, 2010, the Library published notice that on August 4, 2010, it would conduct a public hearing on that estimated budget and the associated tax rates. (*See* Cert. Admin. R. at 10, 189–94.) The notice also provided that the Library would then "adopt" its budget at a meeting scheduled for August 17, 2010. (*See* Cert. Admin. R. at 10, 189–94.) During the August 17th meeting, the Library issued resolutions that appropriated monies out of certain funds consistent with the terms of its estimated budget. (*Compare* Cert. Admin. R. at 2–6 *with* 11–13.) No member of the public, however, attended either the August 4th hearing or the August 17th meeting. (*See* Cert. Admin. R. at 85–86.)

The Library submitted its budget to the Speedway Town Council. On September 13, 2010, at a regularly scheduled meeting, the Town Council issued a resolution that "approve[d] and adopt[ed] the final Operating and Maintenance Budgets and Tax Levies of the [Library] as submitted." (Cert. Admin. R. at 19.) The Library's budget was then forwarded to the DLGF.

In January of 2011, the DLGF issued a 1782 Notice stating that it could not approve the Library's 2011 budget because no notice complying with Indiana Code § 6–1.1–17–3 had been provided to the public regarding the Town Council's September 13th adoption meeting. (*See* Cert. Admin. R. at 77, 81–84, 185–88.) As a result, the DLGF reinstituted the appropriations and levies associated with the Library's 2010 budget. (*See* Cert. Admin. R. at 77, 81.)

The Library subsequently requested the DLGF to set aside its determination, but the DLGF rejected the request. (Cert. Admin. R. at 81–87, 188.) On March 17, 2011, the Library initiated this original tax appeal. The Court conducted oral argument on February 13, 2012. Additional facts will be supplied when necessary.

## STANDARD OF REVIEW

■ The Library, in challenging the propriety of the DLGF's final determination, bears the burden of demonstrating its invalidity. *See Brown v. Dep't Local Gov't Fin.*, 989 N.E.2d 386, 388 (Ind.Tax Ct.2013). Thus, it must demonstrate to the Court that the DLGF's final determination is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or in contravention of the law. *See id.*

## LAW

In 1969, the Legislature consolidated the governmental functions of Marion County and the first class city of Indianapolis through legislation commonly known as "Unigov." *See Dortch v. Lugar*, 255 Ind. 545, 266 N.E.2d 25, 30 (1971), *abrogated on other grounds by Collins v. Day*, 644 N.E.2d 72 (Ind.1994). Unigov eliminated the overlapping jurisdictions of various county and municipal boards and centralized governmental control over the entire metropolitan area in a single legislative/fiscal body, the City–County Council of Indianapolis and Marion County. *See id. See also* Ind.Code §§ 36–1–2–6(2), –9(3); 36–3–4–2 (2014).

Although the Town of Speedway is physically located within Unigov's territorial boundaries, it is excluded from Unigov's jurisdiction pursuant to Indiana Code § 36–3–1–7. (*See* Pet'r Br. at 2.) Consequently, the Library's budget packages are not submitted to the City–County Council of Indianapolis and Marion County for approval; instead, they are submitted to the Town Council for approval. *See* Ind.Code §§ 36–3–6–9(a), (d); 36–1–2–6(4) (2010). *See also* Ind.Code § 6–1.1–17–20(a)–(c)(1) (2010). Upon receipt, the Town Council is required "[t]o review [the Library's] budget and proposed tax levy and adopt a final budget and tax levy[.]" *See* I.C. § 6–1.1–17–20(e).[1] In doing so, the Town Council

---

1. The Library has admitted that it was subject  to the provisions of Indiana Code § 6–1.1–17–

can "reduce or modify but not increase the [Library's] proposed budget or tax levy." *See* I.C. § 6–1.1–17–20(e).

## ANALYSIS

The Library admits that no notice was provided to the public pursuant to Indiana Code § 6–1.1–17–3 with respect to the Town Council's September 13th meeting. (*See* Pet'r Br. at 4.) On appeal, however, the Library presents the Court with two arguments to support its claim that the DLGF erroneously determined that such notice was required.

## I.

■ The Library first argues that the DLGF erroneously determined that notice of the Town Council's September 13th meeting was required because under Indiana Code § 6–1.1–17–20(e), the Town Council did not *adopt* the Library's budget, it merely *reviewed* it. (*See* Pet'r Br. at 14 (asserting that the Library adopted its own budget on August 17th), 15 (implying that the Town Council is not an adopting entity because it does not have the authority to increase the Library's budget); Pet'r Reply Br. at 2 (asserting that the Town Council becomes an adopting entity only if it modifies the Library's originally adopted budget).) To support its argument, the Library points to the fact that before it submitted its budget to the Town Council, it filed its budget with the Speedway Town Clerk pursuant to Indiana Code § 36–3–6–9(b). (*See* Pet'r Br. at 3, 14–15; Pet'r Reply Br. at 1–2.) That statutory provision states that "[t]he board of each entity listed in subsection (a) shall, *after adoption* of its proposed budget and tax levies, submit them, along with detailed accounts, to the city clerk before the first day of September of each year." I.C.

§ 36–3–6–9(b) (emphasis added). The Library maintains that if some other entity actually adopted its budget, there would have been no reason for the legislature to use the words "after adoption" in Indiana Code § 36–3–6–9(b). (*See* Pet'r Br. at 15; Pet'r Reply Br. at 2.) The Library's argument fails for three interrelated reasons.

First, to the extent the Library filed its budget with the Speedway Town Clerk pursuant to Indiana Code § 36–3–6–9(b),[2] that statutory provision did not apply. As previously stated, Indiana Code § 36–3–6–9(b) provided that "[t]he board of each entity *listed in subsection (a)* shall, after adoption of its proposed budget and tax levies, submit them, along with detailed accounts, to the city clerk before the first day of September of each year." I.C. 36–3–6–9(b) (emphasis added). Subsection (b) must therefore be read in relation to subsection (a). *See State v. Adams*, 583 N.E.2d 799, 800 (Ind.Ct.App.1992) (explaining that a statute must be read as a whole, and not sections or parts of it piecemeal), *trans. denied.* Indiana Code § 36–3–6–9(a), in relevant part, states:

*Except as provided in subsection (d),* the city-county legislative body shall review the proposed operating and maintenance budgets and tax levies and adopt final operating and maintenance budgets and tax levies for each of the following entities in the county:

(1) An airport authority operating under IC 8–22–3.

(2) A public library operating under IC 36–12.

(3) A capital improvement board of managers operating under 36–10.

(4) A public transportation corporation operating under IC 36–9–4.

---

20. (*Compare* Pet'r Br. at 12–13 *with* IND.CODE § 6–1.1–17–20(a)–(c)(1) (2010).)

**2.** While the DLGF disputes this fact, (*see* Resp't Br. at 2 n. 4), it does not affect the opinion's outcome.

(5) A health and hospital corporation established under IC 16–22–8.

(6) Any other taxing unit (as defined in IC 6–1.1–1–21) that is located in the county and has a governing body that is not comprised of a majority of officials who are elected to serve on the governing body.

I.C. § 36–3–6–9(a) (emphasis added). *See also* I.C. § 36–3–6–9(d) (explaining that because the Library is outside Unigov's jurisdiction, it would not submit its proposed budget to the city-county legislative body referenced in subsection (a).) Given this language, it is clear that Indiana Code § 36–3–6–9(b) did not apply to the Library; instead, it applied to the public library that has its budget and tax rates approved by the City–County Council of Indianapolis and Marion County (*i.e.,* the Indianapolis–Marion County Public Library). *See supra* at 997.

Second, Indiana Code § 6–1.1–17–20(e) unambiguously instructed the Town Council to review the Library's proposed budget *and* adopt a final budget, not review *or* adopt. *See* I.C. § 6–1.1–17–20(e). Thus, while the Town Council may have simply approved or accepted the Library's budget and tax levy "as submitted," that act constituted more than just a "review" of the Library's budget. It constituted the Town Council's adoption of a final budget for the Library. *See, e.g., Indiana Dep't of State Revenue v. Horizon Bancorp,* 644 N.E.2d 870, 872 (Ind.1994) (explaining that the plain and obvious meaning of an unambiguous statute may not be enlarged or restricted). *See also* WEBSTER'S THIRD NEW INT'L DICTIONARY 29 (2002 ed.) (defining "adopt" as "to accept formally"; "to take over … esp. with little or no change in form"; "to endorse and assume official responsibility for").

The final reason the Library's argument fails is because when the Town Council received the Library's proposed budget and tax rates, it was required to conduct a hearing thereon. *See* I.C. § 6–1.1–17–20(c) (indicating that the Library was required to submit its proposed budget and tax levies to the Town Council at least 30 days before it held a budget approval hearing thereon). In turn, notice of that hearing was statutorily required. *See* IND. CODE § 6–1.1–17–3(a) (2010).

## II.

■ Alternatively, the Library argues that no notice of the Town Council's September 13th meeting should be required because the Library had already complied with and satisfied the notice requirements. More specifically, the Library explains that:

> The whole purpose of the publication process is to give citizens notice of what is going on in their communities, let them know when and where they can then go an[d] be heard in their opinions. These goals were met by the publications [on] July 14 and 21, 2010. The citizens of the taxing unit were advised of the date, time, place and purpose of the public budget hearing being held on August 4, and August 17, 2010 to consider the [Library's] budget…. So if the concern is that the public did not have an opportunity to comment on and/or object to the budget, tax rates and levies[,] that concern is alleviated.

(Pet'r Br. at 15–16.) Moreover, the Library explains that the Town Council's September 13th meeting was a regularly scheduled meeting with a posted agenda. (Pet'r Br. at 15.) This argument, however, is no more availing than the Library's first one.

As just explained, the Town Council was required to provide the public with notice of its September 13th meeting. Thus, the fact that the Library provided notice of its August 4th hearing and its August 17th

meeting misses the point. *See Town of Beverly Shores Plan Comm'n v. Enright,* 463 N.E.2d 246, 248 (Ind.1984) (explaining that notice statutes "are generally strictly construed and notice in accordance with their provisions held to be mandatory"). *See also generally* IND.CODE § 6–1.1–17 (demonstrating that because taxpayers have multiple opportunities to object and be heard on a political subdivision's proposed budget, notice will also occur on multiple occasions). Furthermore, the record evidence does not show that notice was provided for the Town Council's September 13th adoption meeting nor does it show that the agenda for that meeting was posted. (*See generally* Cert. Admin. R.)

## CONCLUSION

For the foregoing reasons, the Library has not demonstrated that the DLGF's final determination in this matter is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or in contravention of the law. Consequently, the DLGF's final determination is AFFIRMED.