**CLARK COUNTY, Indiana, Petitioner,**

v.

**INDIANA DEPARTMENT OF LOCAL GOVERNMENT FINANCE,**
**Respondent.**

No. 39T10–1102–TA–9.

Tax Court of Indiana.

June 25, 2014.

C. Gregory Fifer, Applegate Fifer Pulliam LLC, R. Scott Lewis, Attorney At Law, Jeffersonville, IN, Attorneys for Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, John D. Snethen, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

WENTWORTH, J.

Clark County, Indiana has challenged the Indiana Department of Local Government Finance's (DLGF) final determination denying its petition for an excess property tax levy for the 2011 budget year. The Court affirms the DLGF's final determination.

## FACTS & PROCEDURAL HISTORY

Clark County is located in southern Indiana, directly across the Ohio River from Louisville, Kentucky. Clark County's fiscal governing body is the Clark County Council. *See* IND.CODE § 36–2–3–2 (2014). The Council is responsible for establishing Clark County's tax rates and for making appropriations from the county treasury. *See, e.g.,* IND.CODE §§ 36–2–5–2, –11 (2014).

In 2007, the Council determined it would not levy the maximum amount of property taxes permitted by statute for the 2008 budget year because it had nearly $4 million in a rainy day fund and wanted to "take some of the burden off of the homeowners." (*See* Cert. Admin. R. at 374–75, 382.) The DLGF advised the Council at that time, however, that such action would negatively impact what Clark County would be able to levy in the future. (*See* Cert. Admin. R. at 380.) More specifically, the DLGF explained to the Council that if it reduced its levy for 2008, the county's maximum levy in 2009 would be, pursuant to statute, reduced by one-half of the difference between 2008's maximum levy and

actual levy. (*See* Cert. Admin. R. at 380.) Despite the DLGF's warning, the Council approved a property tax levy for $2.7 million less than what was statutorily allowed in 2008. (*See* Cert. Admin. R. at 374.)

By 2010, Clark County not only had depleted the cash reserves in its rainy day fund, but also had suffered several unexpected financial expenditures and setbacks. (*See* Cert. Admin. R. at 12, 375.) Consequently, Clark County attempted to reclaim the property tax revenue the Council previously declined by petitioning the DLGF for permission to impose an excess property tax levy in the amount of $7,206,383 ("levy appeal").[1] (*See* Cert. Admin. R. at 1, 339.) Clark County's petition stated that the DLGF could approve the levy appeal because the Council made a "data error," which was correctable under Indiana Code § 6–1.1–18.5–14, when it failed to consider

> the continuing effect of its determination to forego taking $2,754,548 of its allowed maximum property tax levy in order to lower county property taxes for budget year 2008. The effect of that miscalculation, or error, has resulted in a calculated loss of over $5.6 million in property taxes through 2010 and will total more than $7.2 million through 2011 because of the maximum levy formula[.][2]

(Cert. Admin. R. at 12 (footnote added).) On December 22, 2010, the DLGF issued a final determination denying Clark County's levy appeal, stating that "no error occurred, but rather that Clark County intentionally lowered its levy in 2008."[3] (Cert. Admin. R. at 367.)

On February 4, 2011, Clark County initiated this original tax appeal.[4,5] The Court

---

1. The $7,206,383 figure reflected the total amount Clark County was unable to levy between 2008 and 2011 due to the Council's 2008 levy decision. (*See* Cert. Admin. R. at 4–5.)

2. At the same time, Clark County also requested the DLGF's permission to levy an additional $511,232 to account for a "Property Tax Shortfall Due to Erroneous Assessed Value." (*See* Cert. Admin. R. at 1.) The DLGF granted permission with respect to the request, but only in the amount of $447,801. (Cert. Admin. R. at 368.) Clark County does not challenge that determination in this appeal. (*See* Pet'r Br. at 2 n. 1.)

3. In its levy appeal paperwork, Clark County sought relief solely on the basis that the Council committed a data error. (*See* Cert. Admin. R. at 12.) In its final determination, the DLGF stated that there was no "math error." (*See* Cert. Admin. R. at 367.) The Court concludes, however, that the DLGF denied relief because it found no "data error" as Clark County claimed.

4. On February 14, 2011, the DLGF issued its final budget order certifying Clark County's 2011 budget. (Cert. Admin. R. at 369–73.) On March 1, 2012, Clark County initiated an original tax appeal challenging that order. The appeal, originally docketed as Cause No. 39T10–1103–TA–19, has been consolidated by the Court with this appeal.

5. On August 1, 2011, Clark County submitted a Statement of Supplemental Evidence to the Court and moved to have it admitted. (Pet'r V.S. Supplemental Evidence (hereinafter "Pet'r V.S." (Aug. 1, 2011).)) Because the Statement contains evidence that was not included as part of the DLGF's certified administrative record, the Court DENIES Clark County's motion. *See, e.g., Scopelite v. Dep't of Local Gov't Fin.*, 939 N.E.2d 1138, 1147 (Ind. Tax Ct.2010); *Clark–Pleasant Cmty. Sch. Corp. v. Dep't of Local Gov't Fin.*, 899 N.E.2d 762, 769 (Ind. Tax Ct.2008) (explaining that the Court will consider the evidence as contained within the certified administrative record to determine if the DLGF's factual findings are supported by substantial evidence and that its legal conclusions are correct). *See also* IND.CODE § 6–1.1–30–6 (2014) (explaining that the DLGF is required to keep a public record of its proceedings and orders, a properly certified and attested copy of which "is sufficient evidence in all courts or proceedings to prove an action, rule, or order of the [DLGF]").

heard the parties' arguments on January 20, 2012. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

 The party challenging the propriety of a DLGF final determination bears the burden of demonstrating its invalidity. *See Brown v. Dep't of Local Gov't Fin.*, 989 N.E.2d 386, 388 (Ind. Tax Ct.2013). Thus, Clark County must demonstrate to the Court that the DLGF's final determination is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or in contravention of the law. *See id.*

## LAW

Each year, Clark County pays its operating costs and expenditures, in part, through the collection of local property taxes. *See, e.g.*, IND.CODE §§ 6–1.1–17, 36–1–2–9, 36–2–3, 36–2–5 (2014) (providing the general procedures applicable to civil taxing units in fixing and reviewing their annual budgets, tax rates, and tax levies). The amount Clark County is able to levy through property taxes, however, is capped by the application of a formula contained in Indiana Code § 6–1.1–18.5–3. *See* IND.CODE § 6–1.1–18.5–3 (2014).

The formula provided in Indiana Code § 6–1.1–18.5–3 has several unique aspects. For example, the formula's application is cumulative in its effect. More specifically, the "maximum permissible ad valorem property levy" calculated under the formula in one year provides the starting point for calculating the successive year's "maximum permissible ad valorem property levy." *See* I.C. § 6–1.1–18.5–3(a). In addition, prior to 2011, the formula also incorporated a "use it or lose it" provision that reduced the "maximum permissible ad valorem property tax levy" calculated under the formula by one-half of the amount not taken or spent in the previous year. *See, e.g.*, IND.CODE § 6–1.1–18.5–1 (2010)

(defining, for purposes of Indiana Code § 6–1.1–18.5–3, the term "maximum permissible ad valorem property tax levy for the preceding calendar year") (amended 2011).

While it is subject to the property tax levy limitations set forth in Indiana Code § 6–1.1–18.5–3, Clark County does have the ability to petition the DLGF for relief from those levy limitations. *See* IND.CODE § 6–1.1–18.5–12(a) (2014). For instance, during the period at issue in this case, Clark County could petition the DLGF for relief under Indiana Code § 6–1.1–18.5–14. That statute provided that:

(a) The [DLGF] may order a correction of any advertising error, mathematical error, or error in data made at the local level for any calendar year if [it] finds that the error affects the determination of the limitations established by [Indiana Code § 6–1.1–18.5–3] or the tax rate or levy of a civil taxing unit. The [DLGF] may on its own initiative correct such an advertising error, mathematical error, or error in data for any civil taxing unit.

(b) A correction made under subsection (a) for a prior calendar year shall be applied to the civil taxing unit's levy limitations, rate, and levy for the ensuing calendar year to offset any cumulative effect that the error caused in the determination of the civil taxing unit's levy limitations, rate, or levy for the ensuing calendar year.

IND.CODE § 6–1.1–18.5–14 (2010).

## ANALYSIS

On appeal, Clark County provides the Court with three reasons why the DLGF's final determination is invalid and should be reversed. First, Clark County argues that the DLGF abused its discretion by arbitrarily and capriciously determining that the Council did not make a data error, correctable under Indiana Code § 6–1.1–

18.5–14, when it approved its 2008 property tax levy for $2.7 million less than what was statutorily permitted. Second, Clark County argues that the DLGF contravened the law when it failed to apply retroactively the 2011 statutory amendment that eliminated the "use it or lose it" provision from the formula contained in Indiana Code § 6–1.1–18.5–3. Third, Clark County argues that the DLGF violated its due process rights.

### I.

■ Clark County claims that the DLGF abused its discretion by arbitrarily and capriciously determining that the Council did not make a data error, correctable under Indiana Code § 6–1.1–18.5–14, when it approved its 2008 property tax levy for $2.7 million less than what was statutorily permitted. (*See* Pet'r Br. at 13–16.) Clark County acknowledges that the Council intentionally decided not to ask for the maximum levy allowable under Indiana Code § 6–1.1–18.5–3. (*See* Pet'r Br. at 14–15.) Nonetheless, it argues that that decision constituted a data error correctable under Indiana Code § 6–1.1–18.5–14 because

> [n]o responsible member of the [ ] Council would have knowingly and intentionally breached their primary statutory duty to budget and appropriate sufficient funds to provide for the essential functions of Clark County government, thereby jeopardizing the public health, safety, and welfare of its citizens by the consequences of the dire financial condition which has inevitably now resulted. To the contrary, while the vote of the [ ] Council to reduce the 2008 department budgets . . . may have been an intentional act, it is clear . . . that the [ ] Council had no clue of the long-term financial damage that [this decision would] inflict[ ] on Clark County and its citizens by the resultant maximum levy reduction.

(Pet'r Br. at 14–15.) In other words, Clark County argues that the Council made a data error when it decided to forego the additional revenue that could be generated through the levy because it could not have foreseen any of the unexpected financial expenses and setbacks that would occur in 2009 and beyond. (*See, e.g.,* Oral Arg. Tr. at 27–28 (asserting that the Council could not have possibly known in 2008 "what issues would crawl out of the woodwork" in subsequent years).)

■ Unambiguous statutes must be read to mean what they plainly express and that plain meaning may not be enlarged or restricted. *Indiana Dep't of State Revenue v. Horizon Bancorp,* 644 N.E.2d 870, 872 (Ind.1994). Indiana Code § 6–1.1–18.5–14(a) unambiguously allows for the correction of an "error in data," not an error in interpreting that data. *See* I.C. § 6–1.1–18.5–14(a). Thus, the statute allows for the correction of an objective error only, not a subjective error. This conclusion is supported by the fact that Indiana Code § 6–1.1–18.5–14 allows the DLGF to correct an error in data *on its own initiative* (indicating that the error is not only readily fixable, but that it is easily observable to someone who did not make it). *See id.*

Here, there is no record evidence to indicate that there was an objective error in the Council's data when it made its decision to forego the maximum levy allowable for 2008. Indeed, the evidence indicates that when it made its decision, the Council had accurate numbers as well as a warning from the DLGF that the consequence of reducing its 2008 levy would be to significantly reduce the county's maximum levy in 2009, *regardless of what the future held.* Despite the DLGF's warning, the Council proceeded to approve a property tax levy for $2.7 million less than what was statutorily allowed in 2008. This

was not an "error in data," nor was it even an error in interpreting data. Instead, it was simply a failure on the part of the Council to plan for budgetary contingencies. Consequently, the Court will not reverse the DLGF's final determination on this basis.

## II.

■ Clark County also claims that the final determination should be reversed because the DLGF should have retroactively applied the 2011 statutory amendment that eliminated the "use it or lose it provision" incorporated within Indiana Code § 6–1.1–18.5–3's calculation of "maximum permissible ad valorem property tax levy." (Pet'r Br. at 16–19.) Clark County argues that the Legislature intended this amendment to be applied retroactively because it is remedial. (*See* Pet'r Br. at 18–19.)

■ Without strong and compelling reasons, statutes and statutory amendments will not be applied retroactively. *See Indiana Dep't of State Revenue v. Estate of Riggs,* 735 N.E.2d 340, 344 (Ind. Tax Ct.2000). An exception to this general rule exists for remedial statutes and amendments, *i.e.,* those statutes and amendments that are intended to cure a defect or a mischief that existed in a prior statute. *State v. Pelley,* 828 N.E.2d 915, 919 (Ind.2005). "Ultimately however, whether or not a statute [or amendment] applies retroactively depends on the Legislature's intent." *Bourbon Mini–Mart, Inc. v. Gast Fuel & Servs., Inc.,* 783 N.E.2d 253, 260 (Ind.2003). Thus, "when a remedial statute is involved, a court must construe it to 'effect the evident purpose for which it was enacted[.]' " *Id.* (citation omitted).

Prior to July 1, 2011, the Legislature included the "use it or lose it provision" in the formula for calculating and adjusting a "maximum permissible ad valorem property tax levy for the preceding calendar year[.]" *See* I.C. §§ 6–1.1–18.5–1, –3. Effective thereafter, however, the Legislature completely removed that provision from the calculation. *See* Pub.L.No. 124–2011 § 1 (eff. July 1, 2011). Clark County asserts that this amendment was remedial because the original statute's defect of being too complex. (*See* Pet'r Br. at 18 (asserting that "the Indiana Legislature recognized that the procedures for calculating and adjusting maximum levies needed to be simplified" when it eliminated the "use it or lose it" provision).)

■ The best evidence of the Legislature's intent is found in the actual language used within a statute or an amendment. *DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin.,* 930 N.E.2d 1257, 1260 (Ind. Tax Ct.2010). Here, the words of the amendment unambiguously provided that it was not entitled to retroactive effect. *See* Pub.L.No. 124–2011 § 1 (stating that the "use it or lose it" provision was eliminated "[f]or purposes of determining a maximum permissible ad valorem property tax levy under [Indiana Code § 6–1.1–18.5–3] for property taxes imposed for an assessment date *after* January 15, 2011" (emphasis added)). Accordingly, the statutory amendment eliminating the "use it or lose it" provision was not remedial.

## III.

■ Finally, Clark County claims that Indiana Code § 6–1.1–18.5–12 required the DLGF to conduct a hearing on its levy appeal, and by not doing so, the DLGF deprived it of its right to due process. (*See* Pet'r Br. at 11–12.) Indiana Code § 6–1.1–18.5–12, however, did not require the DLGF to conduct an administrative hearing on Clark County's levy appeal.

The relevant portions of Indiana Code § 6–1.1–18.5–12 state that

(a) Any civil taxing unit that determines that it cannot carry out its govern-

mental functions for an ensuing calendar year under the levy limitations imposed by [Indiana Code § 6–1.1–18.5–3] may ... appeal to the [DLGF] for relief from those levy limitations. In the appeal the civil taxing unit must state that it will be unable to carry out the governmental functions committed to it by law unless it is given the authority that it is petitioning for. The civil taxing unit must support these allegations by reasonably detailed statements of fact.

(b) The [DLGF] shall immediately proceed to the examination and consideration of the merits of the civil taxing unit's appeal.

(c) *In considering an appeal, the [DLGF] has the power to conduct hearings,* require any officer or member of the appealing civil taxing unit to appear before it, or require any officer or member of the appealing civil taxing unit to provide [it] with any relevant records or books.

IND.CODE § 6–1.1–18.5–12(a)–(c) (2010) (emphasis added). This statutory language merely provided the DLGF with the discretionary power to conduct a hearing on Clark County's levy appeal. *See, e.g., Horizon Bancorp,* 644 N.E.2d at 872 (explaining that the plain and obvious meaning of an unambiguous statute may not be enlarged or restricted). Because Indiana Code § 6–1.1–18.5–12 did not require the DLGF to hold a hearing on Clark County's levy appeal and Clark County has not provided the Court with any other legal analysis to support its claim that it has been deprived of due process, the DLGF's final determination will not be reversed on this basis.

## CONCLUSION

Based on the foregoing reasons, Clark County has not demonstrated that the DLGF"s final determination was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or in contravention of the law. The DLGF's final determination is therefore AFFIRMED.