**GARY COMMUNITY SCHOOL CORPORATION,**
Petitioner,

v.

**INDIANA DEPARTMENT OF LOCAL GOVERNMENT FINANCE,**
Respondent.

No. 45T10–1104–TA–30.

Tax Court of Indiana.

Aug. 29, 2014.

James D. Shanahan, Shanahan & Shanahan LLP, Chicago, IL, Attorney for Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, John D. Snethen, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

WENTWORTH, J.

This matter concerns the Indiana Department of Local Government Finance's (DLGF) Motion to Strike four exhibits that were submitted to the Court in support of the Gary Community School Corporation's (School Corporation) original tax appeal. The Court denies the Motion in part and grants it in part.

## BACKGROUND

On April 19, 2011, the School Corporation filed an original tax appeal, claiming that the DLGF erred in reducing its exempt debt service fund levy for the 2011 budget year.[1] On August 29, 2011, the DLGF moved to strike the Appendix attached to the School Corporation's brief on the grounds that its three exhibits were not part of the certified administrative record. (*See* Resp't Mot. Strike App. to Br. of Pet'r ¶¶ 5–9.) On September 7, 2011, the School Corporation filed a brief in opposition to which it attached another exhibit, a two-page letter from the School Corporation to the DLGF dated March 24, 2011 (the March 24th Letter). (*See* Pet'r Opp'n Resp't Mot. Strike App. to Pet'r Br. ("Pet'r Opp'n Br."), Ex. A.) The School Corporation claimed that the information contained in its Appendix was properly before the Court because it was either a restatement of information presented to the DLGF during the administrative process or maintained by the DLGF during

the course of its business. (*See* Pet'r Opp'n Br. ¶¶ 10–12.) The School Corporation also claimed that the March 24th Letter, while not contained in the DLGF's administrative record, was properly before the Court because it actually had been presented to the DLGF during the administrative process. (*See* Pet'r Opp'n Br. ¶ 9.) On October 17, 2011, during oral argument, the DLGF objected to the March 24th Letter because it too was not within the administrative record.[2] (*See* Oral Arg. Tr. at 16–18.)

## ANALYSIS

When this Court reviews the final determinations of the DLGF, the general rule is that it may consider only the evidence actually presented to the DLGF during the administrative process. *See, e.g., Scopelite v. Indiana Dep't of Local Gov't Fin.,* 939 N.E.2d 1138, 1147 (Ind. Tax Ct.2010); *Clark–Pleasant Cmty. Sch. Corp. v. Dep't of Local Gov't Fin.,* 899 N.E.2d 762, 765–69 (Ind. Tax Ct.2008) (each explaining that the Court will consider only evidence contained in the administrative record to determine if the DLGF's factual findings are supported by substantial evidence and if its legal conclusions are correct). Here, nothing within the administrative record or the School Corporation's arguments indicates that the Appendix exhibits were submitted to the DLGF during the administrative proceedings. For instance, one exhibit is dated approximately two months after the conclusion of the DLGF's proceedings. (*Compare* Pet'r Br. at App., Ex. A *with* Cert. Admin. R. at 403.) Accordingly, the Court is not per-

---

1. In a decision issued concurrently with this one, the Court has reversed the DLGF's reduction of the School Corporation's exempt debt service fund levy. *See Gary Cmty. Sch. Corp. v. Indiana Dep't of Local Gov't Fin.,* No. 45T10–1104–TA–30, 15 N.E.3d 1141, 2014 WL 4258826 (Ind. Tax Ct. Aug. 29, 2014).

2. The Court strongly encourages the DLGF to address issues regarding the completeness of the record as soon as they arise rather than doing so indecisively during oral argument 40 days later. (*See* Oral Arg. Tr. at 18.)

suaded that the exhibits in the Appendix are properly before the Court.

■ The Court does not reach the same conclusion regarding the March 24th Letter. The administrative record reveals that the School Corporation and the DLGF engaged in a series of communications between March 4, 2011, and March 24, 2011, the date the School Corporation filed its administrative protest. (*See* Cert. Admin. R. at 390–402; Resp't Answer ¶ 26.) Yet, not a single document in the administrative record bears a date between March 24, 2011, the date the School Corporation filed its protest, and March 31, 2011, the date the DLGF effectively denied the School Corporation's protest. (*See generally* Cert. Admin. R. at 1–407.) Moreover, the administrative record fails to reveal what, if any, communications or procedures occurred during the protest process and to identify which documents the DLGF considered in ascertaining the validity of the School Corporation's protest. (*See generally* Cert. Admin. R.)

This sparse record would suggest that the School Corporation did not present a single written item to the DLGF with respect to its protest. The content of the March 24th Letter, however, indicates that it was part of the School Corporation's protest. Specifically, the March 24th Letter was written on School Corporation letterhead, was dated the same day the School Corporation filed its protest, and provided the DLGF with additional rationale in support of the School Corporation's requested levy. (*Compare* Pet'r Opp'n Br., Ex. A at 1–2 *with* Cert. Admin R. at 319, 401–02.) (*See also* Oral Arg. Tr. at 13.) Based on the totality of the evidence, therefore, the Court finds that the March 24th Letter should have been in the record and, as such, it is properly before the Court.[3]

## CONCLUSION

For the above stated reasons, the Court GRANTS the DLGF's Motion to Strike the three exhibits contained in the School Corporation's Appendix. The Court, however, DENIES the DLGF's Motion to Strike the School Corporation's March 24th Letter.

SO ORDERED.

---

**3.** The Court recognizes that the DLGF is hindered by the nature of its administrative appeals process because it does not employ a typical adversarial system. Its process invites confusion over what the certified administrative record must contain, as here, and is susceptible to the parties failing to develop all relevant facts and legal arguments. Indeed, Justice DeBruler of the Indiana Supreme Court has explained that the import of our adversarial system is to elicit all relevant facts and provide litigants with the opportunity to present the best legal arguments in support of their respective positions. *See State ex rel. Keller v. Criminal Ct. of Marion Cnty., Div. IV,* 262 Ind. 420, 317 N.E.2d 433, 443 (1974) (DeBruler, J., concurring and dissenting). Accordingly, the DLGF must be aware of the dangers inherent in its administrative appeals process and strive to prevent them from occurring in the future.